## Ricker *v.* Civil Service Commission.

Argued December 7, 1972, before Judges CRUMLISH, JR., WILKINSON, JR., and MENCER, sitting as a panel of three.

*Graham C. Showalter*, for appellant.

*Sidney V. Blecker*, Assistant Attorney General, with him *Marx S. Leopold*, Assistant Attorney General, and *J. Shane Creamer*, Attorney General.

OPINION BY JUDGE CRUMLISH, JR., February 5, 1973:

This is an appeal from an adjudication and order of the Pennsylvania Civil Service Commission which sustained the action of the Department of Public Welfare in suspending and removing appellant from his position as Child Care Aide I, regular status, at Laurelton State School and Hospital (Laurelton). The suspension and removal had been imposed by the appointing authority (Dept. of Public Welfare) because of an incident of patient abuse.

Appellant was working in Cottage 5 at Laurelton on February 11, 1972, in the early morning when a patient, Edward Vogel, shouted an obscenity at him. The patient had a record of previous outbursts and his program of therapy dictated that he be placed in seclusion upon any such outburst. The method of attaining that end is the bone of contention in this appeal.

Appellant contends, and so testified at a hearing before the Commission, that he approached the patient, had his glasses knocked off, summoned the help of two Aide Trainees, and proceeded along with the two trainees to bring the patient into a seclusion room. Appellant denied ever striking the patient, kicking him or generally using excessive force in subduing the patient. It was agreed that the patient was flailing and kicking.

The two Trainees were working in a room next to appellant that was connected by a door whose glass had been broken shortly before.[1] One, Trainee Spielman, testified that he heard the patient make the obscene remark and then heard appellant reply, "You can't talk to me that way." Although not summoned, he came out and then observed the appellant struggling on the floor with the patient at which time the appellant struck the patient forcefully in the mouth with his fist. The other, Trainee Brooke, testified that he heard the remark, turned to remove his glasses and went to appellant's aid although not summoned. He did not see the appellant strike the patient but said this was possible as he had turned to remove his glasses.

Both Trainees helped the appellant carry the patient to a seclusion room and both observed that the

---

[1] Appellant testified that both were working near the cooking facilities and were in the process of preparing the meals. One Trainee, Spielman, testified that he was cleaning up the broken glass from the door. This is noted because appellant testified that under his statement of the facts, Spielman was not in a position to view the incident.

patient's mouth was bleeding at the time. Both testified that appellant then pushed and kicked the patient into the seclusion room.

The Commission chose to believe the testimony of the two Trainees and, based on the evidence adduced at the hearing, found, *inter alia,* that:

"8. Appellant struck a patient, Vogel, in the mouth with sufficient force to cause the patient's mouth to bleed.

"9. Appellant used unreasonable force in pushing and kicking patient Vogle into the seclusion room."

From these findings, the Commission concluded that appellant was properly removed for just cause under Section 807 of the Civil Service Act and that the appointing authority was not in violation of Section 905.1 of the Civil Service Act.[2] We hold that the decision and order of the Commission must be affirmed.

On appeal to this Court, an adjudication of the State Civil Service Commission shall be affirmed unless it appears that such was not in accordance with law, that any finding of fact necessary to support such adjudication is not supported by the evidence or that the constitutional rights of the appellant have been violated. *Department of Transportation v. State Civil Service Commission,* 5 Pa. Commonwealth Ct. 263, 290 A. 2d 434 (1972). It is the duty of the State Civil Service Commission to determine the credibility of witnesses, appearing before the Commission and to determine the value of their testimony. *Mettee v. Civil Service Commission,* 6 Pa. Commonwealth Ct. 82, 293 A. 2d 147 (1972). This Court will not weigh, but only examine, the evidence and will not substitute its judgment for that of the Commission. *Gibbs v. State Civil Service Commission,* 3 Pa. Commonwealth Ct. 230, 281 A. 2d 170 (1971).

---

[2] Act of August 5, 1941, P. L. 752, as amended, 71 P.S. §§741.807, 741.905(a).

As detailed above, there was ample evidence in the testimony of the two trainees that appellant used excessive force in this situation. The Commission, exercising its proper function, chose to accept this testimony. The Commission concluded that this use of excessive force constituted patient abuse and was just cause for removal by the appointing authority. Because there was evidence to substantiate the Commission's findings, this Court will not reverse that adjudication.

The fact that removal may adversely affect appellant's economic and domestic situation is not grounds for reversal. Speculation as to such effects does not rebut the finding that there was, in fact, just cause for removal.

Accordingly, we issue the following

### ORDER

AND Now, this 5th day of February, 1973, the order of the State Civil Service Commission dated June 19, 1972, is hereby affirmed.