582

John V. Angel, Appellant, *v.* Commonwealth of Pennsylvania, State Civil Service Commission, Appellee.

Argued May 7, 1973, before President Judge BOW-MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Thomas E. Lippard,* with him *Houston, Cooper, Speer & German,* for appellant.

*Craig T. Stockdale,* Assistant Solicitor, with him *Francis A. Barry,* Solicitor, for appellee.

OPINION BY JUDGE CRUMLISH, JR., August 22, 1973:

This is an appeal from a decision of the State Civil Service Commission dismissing Appellant's contentions that his "furlough" from the Allegheny County Health Department did not comport with Civil Service Regulations, and was based on discriminatory motivations.

Since 1966, Appellant John V. Angel was employed as, and has since been, the only draftsman in the Allegheny County Health Department, Bureau of Air Pollution.

By a letter dated June 27, 1972, Appellant was notified that due to "insufficient work for a full-time draftsman" with the Health Department's Bureau of Air Pollution, he was being placed on furlough.

On July 21, 1972, Appellant appealed the action of the Department of Health to the State Civil Service Commission,[1] alleging that his relegation to furlough status was improper and was in fact discriminatory.

By Order dated November 8, 1972, the Civil Service Commission held that the Director of the Allegheny County Department of Health acted in accordance with Civil Service Regulations when he put Appellant on furlough and that discrimination was not a factor in the decision.

Appellant, coming to this Court, contends that essential findings of fact made by the Commission were not supported by substantial evidence, and for this reason, the Commission erred in its conclusion.

---

[1] Under terms of an agreement signed January 20, 1972, between the Pennsylvania State Civil Service Commission and the Allegheny County Commissioners, appeals from personnel actions of the Allegheny County Health Department are heard by the Pennsylvania State Civil Service Commission, which sits as an impartial appeal board.

We disagree and affirm the State Civil Service Commission.

On appeal to this Court, an adjudication of the State Civil Service Commission shall be affirmed unless it appears that it was not in accordance with law, that any finding of fact necessary to support such adjudication is not supported by the evidence or that constitutional rights of the Appellant have been violated. *Ricker v. Civil Service Commission*, 7 Pa. Commonwealth Ct. 329, 300 A. 2d 293 (1973); *Department of Transportation v. State Civil Service Commission*, 5 Pa. Commonwealth Ct. 263, 290 A. 2d 434 (1972).

Section 802 of the Civil Service Act, Act of August 5, 1941, P. L. 752, as amended, 71 P.S. §741.802 provides that a civil service employe may be furloughed if necessitated by a reduction in force. Section 3(s) of the same Act defines "furlough" as ". . . the termination of employment because of lack of funds or of work."

Appellant initially argues that the Commission's findings that he (1) was removed because of lack of work, and (2) not replaced by another employe are not supported by substantial evidence.

Appellee presented evidence to the Commission which established that part of the work formerly performed by Appellant is now the function of a computer. Further, the Deputy Director of the Allegheny Health Department, Mr. Chleboski (who is in charge of the Air Pollution Control Program), testified that the engineers within the Pollution Control Division are now required to draft and plot their own charts, all of which had been performed previously by Appellant.

Appellant testified that while he was employed by the Allegheny County Health Department he was fully occupied each day and that there is sufficient work to keep a full-time draftsman busy in the Air Pollution

Division. He also inferred that one Samuel Botta was in effect Appellant's replacement within the division. The County Health Department replied that Mr. Botta was a trainee assigned to the Department on a work-study program. Although Botta was admittedly given an assignment by one of the engineers in the Air Pollution Control Department which included preparing a chart, he was not at any time considered to be a complete replacement for Appellant.

It is the duty of the State Civil Service Commission and not this Court to determine the credibility of witnesses. *Mettee v. Civil Service Commission*, 6 Pa. Commonwealth Ct. 82, 293 A. 2d 147 (1972). In this case, it is apparent that the Commission in examining the credibility and the competency of the evidence chose to believe the County Health Department's explanation of Mr. Botta and the diminution of available work for a full-time draftsman. There is substantial evidence to support this conclusion.

Further, Appellant argues that there was no substantial evidence to support the Commission's findings that Appellant had not been removed because of his age, union and political affiliation.

Section 905.1 of the Civil Service Act provides in pertinent part: "No officer or employe of the Commonwealth shall discriminate against any person in . . . retention or any other personnel action with respect to the classified service because of political or religious opinions or affiliations because of labor union affiliations . . . or other non-merit factors." 71 P.S. §741.905a.

Appellant misconstrues its burden when he argues that there was no substantial evidence to support a finding that Appellant *was not removed* because of age, union and political affiliation. The burden rests on Appellant to go forward with evidence to affirmatively

586

support his charge of discrimination. *See Beard v. State Civil Service Commission,* 424 Pa. 146, 225 A. 2d 543 (1967).

Here, Appellant has produced no clear evidence that discrimination due to his age or affiliations, political or otherwise, was the reason for his furlough. The Department rebutted the Appellant's contention that his age was a motivating factor in the furlough when it produced testimony indicating that the Department had in its employ 10 employes over 70 and 37 over 65 years of age. The remaining allegations of Appellant's discrimination rest on mere conjecture and do not in any way establish discriminatory scheme. The Commission acted on the only competent evidence presented when it found that discrimination was not a factor in Appellant's furlough status.

ORDER

Now, this 22nd day of August, 1973, the Order of the State Civil Service Commission dated November 8, 1972, is hereby affirmed.