Dr. Ruth Heppel, Appellant, *v.* Commonwealth of Pennsylvania, State Civil Service Commission, Appellee.

Argued December 5, 1974, before Judges KRAMER, WILKINSON, JR., and ROGERS, sitting as a panel of three.

*Arthur L. Goldberg,* with him *Paul L. Zeigler* and *Goldberg, Evans & Katzman,* for appellant.

*Edward A. Miller,* Assistant Attorney General, for appellee.

OPINION BY JUDGE ROGERS, December 31, 1974:

The sole issue here is whether findings of the State Civil Service Commission that the removal as of September 3, 1973 of the appellant, Dr. Ruth Heppel, from her position of Higher Education Associate II in the Commonwealth's Department of Education was for just cause[1] and was not an act of discrimination[2] are supported by substantial evidence in the record.

The causes for Dr. Heppel's removal asserted by the appointing authority and found by the Commission to have been proved were her failure to complete work assignments within the time necessary for the Department to carry on its work, her failure to report for work during the hours prescribed by the Secretary of Education, and her removal, without permission, of material from a personnel file maintained by her supervisors.

Judge Crumlish described our duty in this class of case in *Ricker v. Civil Service Commission,* 7 Pa. Commonwealth Ct. 329, 332, 300 A.2d 293, 295 (1973) :

"On appeal to this Court, an adjudication of the State Civil Service Commission shall be affirmed unless it appears that such was not in accordance with law, that any finding of fact necessary to support such

---

1. As required by Section 807 of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.807 (Supp. 1974-1975).

2. As provided by Section 905.1 of the Civil Service Act, added by Section 25 of the Act of August 27, 1963, P.L. 1257, 71 P.S. §741.905(a) (Supp. 1974-1975).

adjudication is not supported by the evidence or that the constitutional rights of the appellant have been violated. *Department of Transportation v. State Civil Service Commission,* 5 Pa. Commonwealth Ct. 263, 290 A.2d 434 (1972). It is the duty of the State Civil Service Commission to determine the credibility of witnesses, appearing before the Commission and to determine the value of their testimony. *Mettee v. Civil Service Commission,* 6 Pa. Commonwealth Ct. 82, 293 A.2d 147 (1972). This Court will not weigh, but only examine, the evidence and will not substitute its judgment for that of the Commission. *Gibbs v. State Civil Service Commission,* 3 Pa. Commonwealth Ct. 230, 281 A.2d 170 (1971)."

Dr. Heppel was engaged by the Department of Education in January of 1970 and assigned to the division of teacher education. Her duties included that of acting as chairperson of teams of professional educators sent to colleges to evaluate programs leading to teacher certification. The chairperson's responsibilities consisted of visiting campuses with other team members, receiving the oral and written impressions of other team members, preparing a report for approval and comment of other members, adjusting the report as necessary, forwarding the report to the institution being examined, receiving the examinee's corrections and comments and finally approving or disapproving the program being examined. The time within which the Department of Education desired the whole process, from campus visit to final action of approval or disapproval, was 90 days, with an additional 15 days where the institution interposed substantial objections to the chairperson's report. After the first few assignments, which she accomplished in timely fashion, Dr. Heppel consistently took considerably more than three to four months to complete her work, and on some occasions final action was delayed for more than a year. Since an important purpose of the enterprise was the

recommendation of improvements in the program under examination, these delays were harmful to the work of the Department. In at least two cases, the division received severe remonstrances from colleges whose reports had been delayed by the appellant.

It would serve no useful purpose to treat in detail Dr. Heppel's habits with regard to punctuality. In short, despite pleas and warnings of her superiors, she rarely arrived at her place of employment at the appointed hour of 8:30 o'clock in the morning. She was also consistently late for appointed meetings with others, including one conference with the Secretary of Education.

Near the end of her term of employment, and after expressions by her superiors of dissatisfaction with her work, the appellant without permission removed from her supervisor's files and sent to an employe of the State Civil Service Commission material relating to the appellant's performance of duty.

Dr. Heppel's explanations of her apparent derelictions were that as a professional she should not have been expected to conform to time schedules, that she suffered bouts of illness and that she was subjected to improper surveillance. The Commission found these explanations unsatisfactory excuses for the appellant's persistent refusal to conform to the requirements of her position, and our review of the record compels our agreement with that conclusion.

We also agree that the appellant did not prove that her removal was motivated by discrimination based on sex or union activity which it was her burden to do. *Angel v. State Civil Service Commission*, 9 Pa. Commonwealth Ct. 582, 309 A.2d 69 (1973).

We cannot leave this case without commenting that we disagree with the Commission's statement that it was improper for the appellant's supervisor to direct a secretary to record the times of the appellant's reporting for work after it became apparent that the appellant consistently

breached a work rule established by the Secretary of Education for all employes of the Department and after her misdoings had been brought to her attention. Nor do we agree with the Commission's comment that professionals employed by the State government should be less bound by "organizational constraints" and "administrative requirements" than persons doing routine work. In view of the assumed greater importance of professional work, it seems to us that the converse should be the rule.

ORDER

AND NOW, this 31st day of December, 1974, the instant appeal is dismissed and the order of the State Civil Service Commission is affirmed.

