Carol L. Skowronski *v.* Governor's Council on Drug and Alcohol Abuse. Carol L. Skowronski, Appellant.

Argued December 9, 1976, before Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Patricia E. Fleming,* with her *McNees, Wallace & Nurick,* for appellant.

*William J. Atkinson,* General Counsel, with him *Vincent X. Yakowicz,* Solicitor General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, January 18, 1977:

Carol L. Skowronski, a provisional employe of the Governor's Council on Drug and Alcohol Abuse, was demoted from her position of Alcohol Program Analyst IV, in which she was in charge of a Region consisting of 24 counties in central Pennsylvania, to that of Alcohol Program Analyst II, in which, we gather, she would have little or no supervisory duties. The reasons for the demotion given by the appointing authority were that Ms. Skowronski was ineffective as liaison for the Council with other persons working for or with the Council and in providing leadership for her regional office staff. Ms. Skowronski appealed her demotion to the Civil Service Commission assertedly under both subsections (a) and (b) of Section 951 of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.951(a) and (b).

Since Ms. Skowronski was a provisional employe only, she had no right to appeal on the ground that her demotion was without just cause as provided by Section 951(a) for regular employes.[1] Subsection 951(b), however, provides that "[a]ny person . . . aggrieved by an alleged violation of Section 905.1[2] of this act may appeal in writing to the commission. . . ." Ms. Skowronski in her appeal notice described the act or acts of discrimination complained of in the following fashion:

[1] Section 807 of the Act, 71 P.S. §741.807, provides that "[n]o *regular* employe in the classified service shall be removed except for just cause." (Emphasis supplied.)

[2] Section 905.1, 77 P.S. §741.905a, forbids discrimination in State employment because of union affiliation, race, national origin and other non-merit factors.

My region was always understaffed, yet all work, reports, etc. were timely, my overall job performance rating one month prior to demotion was very good, no valid or documented reasons for my demotion have been alleged or shown; I have reason to believe that persons less qualified have been offered and are being considered for my position, and therefore, I can only conclude that my demotion was the result of some prohibited non-merit factor pursuant to §905.1 of the Civil Service Act.

An employe not in regular status may challenge an unfavorable personnel action by his appointing authority only "by specifically reciting the basis underlying his claim of discrimination and thereafter factually substantiating that claim upon hearing." *Hunter v. Jones,* 417 Pa. 372, 379, 207 A.2d 784, 788 (1965). "The purpose of the hearing [of a Section 951(b) appeal by an employe not in regular status] was not to determine the quality of appellant's work but only to determine whether there was any substance in appellant's charge of discrimination. Unless he could prove this, the commission had no authority to question the validity of the unsatisfactory work determination." *Beard v. State Civil Service Commission,* 424 Pa. 146, 150, 225 A.2d 543, 545 (1967). The "[a]ppellant misconstrues [the] burden when he argues that there was no substantial evidence to support a finding that Appellant *was not removed* because of age, union and political affiliation. The burden rests on Appellant to go forward with evidence to affirmatively support his charge of discrimination." (Emphasis in original.) *Angel v. State Civil Service Commission,* 9 Pa. Commonwealth Ct. 582, 585, 309 A.2d 69, 72 (1973).

The issue here, then, is not whether there was substantial evidence that Ms. Skowronski's work was so

deficient that her demotion was for just cause, as she argues, but whether the Commission capriciously disregarded competent evidence in finding that discrimination was not a cause of the demotion. We agree with the Commission that the appellant failed to produce any evidence of discrimination. Nor did the Commission err in failing to infer discrimination from the fact that the appellant received a "very good" performance rating about six weeks before her demotion. The appellant's superiors whom she called as witnesses, testified that the demotion was ordered not as an act of discrimination but because Ms. Skowronski made a serious and costly funding error in her Region which came to light after the performance rating and because she had continuing difficulties in communicating with people she was employed to serve, a deficiency noted on the performance evaluation report on which the appellant depended.

The appellant's complaints concerning procedures leading to her demotion are without merit. A Council directive which she says was not observed in her case, contains the reservation that it is a guideline only and not for invariable application. The Executive Director of the Council testified that the directive was certainly not applicable to the case of a Regional Supervisor who made a $100,000 funding error.

The appellant's further complaint that the notice of the demotion lacked specific reasons for the action and that she was, therefore, denied due process, is also ineffective. Since, as we have said, the appellant was a provisional employe without tenure rights, she was subject to non-discriminatory demotion regardless of the quality of her work. Her only effective appeal was that based on her allegation of discrimination and the subject of the Commission hearing was not the details of the appellant's work performance but the presence or absence of discriminatory influence in her demotion.

### Order

And Now, this 18th day of January, 1977, the Order of the Civil Service Commission dismissing the appeal of Carol L. Skowronski is affirmed and her appeal herein is dismissed.