John A. Bell, Appellant *v.* Borough Council of the Borough of Conshohocken, Civil Service Commission of Conshohocken and John D. DiJoisia, Mayor, Appellees.

Argued October 3, 1977, before Judges ROGERS and BLATT, sitting as a panel of two.

*J. Peirce Anderson,* with him *Kane, Pugh, Anderson, Subers & McBrien,* for appellant.

*Walter Phipps, Jr.,* for appellees.

OPINION BY JUDGE BLATT, January 27, 1978:

John A. Bell (Bell) has appealed from an order of the Court of Common Pleas of Montgomery County which affirmed the decision of the Conshohocken Civil Service Commission (Commission) suspending him from his duties as a police officer for one year.

Bell's suspension arose out of an incident in July, 1974 when he and another policeman, Officer Forsythe, pursued an assault suspect into a building and placed him under arrest. Bell was carrying a loaded shotgun which accidently discharged, killing the suspect. A jury later acquitted him of all criminal charges relating to the incident, but the Conshohocken Borough Council (Council) suspended him for one year from August 19, 1974 for conduct unbecoming a police officer and for neglect in failing to use due care in the handling of a firearm. He appealed this suspension to the Commission, which upheld it after a hearing on the charges. On appeal to the lower court, which took additional evidence, the court concluded that Bell had been properly suspended for cause pursuant to Section 1190(4) of The Borough Code[1] (Code), 53 P.S. §46190(4).

Our scope of review, when a lower court takes additional testimony in an appeal from a suspension order of a civil service commission, is to determine whether or not the court abused its discretion or committed an error of law. *Re: Appeal of Fuller*, 25 Pa. Commonwealth Ct. 116, 358 A.2d 756 (1976). Bell has alleged that the lower court abused its discretion here in affirming a suspension which was not justified based on the record. He also argues that the suspension violates the express provisions of the Code, and that, because of long delays and the alleged bias of

[1] Act of February 1, 1966, P.L. 1656 (1965), *as amended*, 53 P.S. §45101 et seq. Section 1190 provides in pertinent part:

No person employed in any police or fire force of any borough shall be suspended, removed or reduced in rank except for the following reasons:

. . . .

(4) Inefficiency, neglect, intemperance, immorality, disobedience of orders, or conduct unbecoming an officer. 53 P.S. §46190(4).

the Commission chairman, he did not receive a fair and proper hearing before the Commission.

The lower court examined the specific findings made by the Commission concerning Bell's conduct during the July, 1974 incident and determined that these findings were supported by evidence in the record and that they did substantiate a conclusion that he was guilty of conduct unbecoming an officer. Specifically, the Commission found that Bell exhibited neglect and conduct unbecoming an officer:

(1) In failing to secure the building and flush out or order the suspect out, instead of entering the building in view of the fact there were at least four police officers on the scene and the suspect's vehicle was subject to police control.

(2) In failing to uncover, immobilize and place the decedent under control immediately upon his arrest in the third floor bedroom.

(3) In carrying a loaded riot-gun at the ready with the safety catch in the off position and his finger on the trigger into the small dark bedroom into which Officer Forsythe had preceded him.

(4) To have held a loaded shotgun, at the ready, with its safety catch in the off position and his finger on the trigger only inches away from the decedent who was under arrest and who was expressing obscenities.

(5) In failing to move back and to pull the gun back or to take his finger off the trigger when Officer Forsythe took the beam of his flashlight off the decedent in the darkened room, or when the decedent moved towards Officer Forsythe.

(6) To have kept pointed at extremely close range a loaded shot gun, at the ready with

the safety catch in the off position and his finger on the trigger, at a suspect for whom he had no credible reason to believe was armed.

The Commission also concluded that Bell's actions represented an unwarranted danger to three persons: the suspect, the other police officer, and himself.

Our Supreme Court has defined conduct unbecoming an officer as:

. . . any conduct which adversely affects the morale or efficiency of the bureau to which he is assigned . . . [and] any conduct which has a tendency to destroy public respect for municipal employees and confidence in the operation of municipal services. It is not necessary that the alleged conduct be criminal in character nor that it be proved beyond a reasonable doubt.

*Zeber Appeal,* 398 Pa. 35, 43, 156 A.2d 821, 825 (1959). In light of this definition, we believe that the lower court did not abuse its discretion in affirming Bell's suspension for conduct which resulted in the accidental death of an individual under circumstances which could reasonably destroy public respect for the police department.

Bell next argues that his thirteen-month suspension was in conflict with Section 1191 of the Code, 53 P.S. §46191, which provides that "[n]o order of suspension made *by the commission* shall be for a longer period than one year" (emphasis added). The record indicates, however, that it was the Mayor of Conshohocken who notified Bell in a letter dated July 12, 1974 that he had been suspended from duty without pay until August 14, 1974, the date of the next regular meeting of Council, and the Mayor clearly has statutory authority to suspend a police office for cause "until the succeeding regular meeting of the council," this authority being "[i]n addition to the powers of council to suspend policeman" pursuant to Section 1124 of

the Code, 53 P.S. §46124. It is only the Commission which is restricted to the one-year time limit for suspension provided by Section 1191 of the Code, and it is the Commission which reviews the suspension order of Council, not of the Mayor. In this case, the Commission upheld Council's suspension of one full year, the order of suspension was not for a period longer than one year, and we believe, therefore, that Bell's suspension was not violative of the express provisions of the Code.

Finally, Bell advances two due process arguments, complaining first of what he terms "long delays" and "looseness of procedure," and second of certain remarks made by the Commission chairman which he argues evidenced the chairman's bias against him. He notes that his request for a hearing was made on August 22, 1974, and that the Commission did not convene for such hearing until April, 1975. He admits, however, that this delay was necessitated by his ongoing criminal trial and that it was the trial court's protective order which prohibited the Commission from enforcing its subpoenas and setting an earlier date for its hearing. He also objects to the period of seventy-two days between the hearing and the date of the Commission's order, but he has failed to point out, and we are unable to find, any Code provision limiting the time period which may elapse between a hearing and a decision, nor was any evidence presented to indicate that the time here was unreasonable. Moreover, our careful review of the record has revealed none of the procedural inadequacies which our Supreme Court found to have constituted a denial of due process for delay and procedural looseness in the case of *Gardner v. Repasky*, 434 Pa. 126, 252 A.2d 704 (1969).

With regard to the evidence of record concerning the Commission chairman's comments to several mem-

430

bers of the Borough police force about Bell's upcoming hearing, we must agree with the lower court that, although the remarks may have been ill-advised, they were not sufficiently serious to warrant the reversal of the unanimous decision of the three-member Commission. We find no abuse of the lower court's discretion here, particularly in view of Bell's failure to raise the issue of possible bias at the Commission hearing, at which time both he and his counsel were aware of the remarks.

Having determined that the lower court did not abuse its discretion or commit an error of law in affirming the Commission's suspension order, we will dismiss Bell's appeal and affirm the lower court.

ORDER

AND Now, this 27th day of January, 1978, the order of the Court of Common Pleas of Montgomery County is hereby affirmed.

