Anna M. Tempero, Petitioner *v.* Commonwealth of Pennsylvania, Department of Environmental Resources, Respondent.

Stephen J. Steranchak, Petitioner *v.* Commonwealth of Pennsylvania, Department of Environmental Resources, Respondent.

Argued February 9, 1979, before Judges Rogers, Blatt and DiSalle, sitting as a panel of three.

236

*Steven J. Zivic,* with him *Beverly A. Braverman,* for appellants.

*Gary L. Martin,* Assistant Attorney General, for appellee.

PER CURIAM OPINION, July 13, 1979:

These are two appeals, consolidated for present purposes, filed by Anna M. Tempero (Tempero) and Stephen J. Steranchak (Steranchak) from separate orders of the State Civil Service Commission (Commission). In both cases, the Commission dismissed the individual appeals and sustained the action of the Department of Environmental Resources (D.E.R.) in the reassignment of Tempero and Steranchak (Petitioners) from their positions as Environmental Protection Specialists III, regular status. We affirm.

The facts are not materially in dispute. Petitioners' reassignments, effective January 17, 1977, were part of a broader reassignment involving four persons, including Tempero and Steranchak, all Environmental Protection Specialists III in the Pittsburgh Regional Office of the Bureau of Water Quality Management (Bureau). The reassignments caused these four peo-

ple to exchange work responsibilities and, as determined by the Commission, were made, not because of the inability of these employes to perform their duties satisfactorily, but for the purpose of improving the operations of D.E.R. Petitioners have continually maintained, however, that their reassignments were based upon discriminatory motives in violation of Section 905.1 of the Civil Service Act (Act), Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §741.905.[1] In particular, they both allege that the reassignments were grounded on prohibited non-merit factors. Tempero also contends that her reassignment was a result of sex discrimination.[2]

A civil service employe, claiming discrimination in a personnel action, has the burden of going forward with evidence to support such charges. *Heppel v. State Civil Service Commission*, 17 Pa. Commonwealth

---

[1] Section 905.1 provides:

No officer or employe of the Commonwealth shall discriminate against any person in recruitment, examination, appointment, training, promotion, retention or any other personnel action with respect to the classified service because of political or religious opinions or affiliations because of labor union affiliations or because of race, national origin or other non-merit factors.

[2] Tempero claims that of the four employes who were reassigned, she was the only person deprived of a supervisory position and that this action was taken solely because she was a woman. While the responsibilities of her position did not include supervision over other people, she was responsible for the supervision of a program. We cannot say that Tempero was in fact deprived of a supervisory position. In any event, loss of supervisory authority, without more, is not a personnel action under the Act. *See* 4 Pa. Code §105.2. As a result of the reassignment, Tempero did not lose her continued employment, her classification, any part of her salary, any right to salary increases, or any right to promotions as provided by the Act. We conclude, therefore, that Tempero has failed to meet her burden of proving that the reassignment was based on sex. (See discussion relating to non-merit factors, *supra*.)

Ct. 79, 330 A.2d 304 (1974); *Angel v. State Civil Service Commission,* 9 Pa. Commonwealth Ct. 582, 309 A.2d 69 (1973). A reassignment is, of course, a personnel action within the meaning of Section 905.1. 4 Pa. Code §105.2(a)(10). As we view this case, the deficiency in Petitioners' argument stems from their failure to meet the requisite burden of proof.

In the first place, both Tempero and Steranchak failed to specify with any degree of precision the reasons behind the alleged discrimination. Our Supreme Court has stated that one challenging an unfavorable personnel action must first enumerate with specificity the underlying bases of the claimed discriminatory acts. *Hunter v. Jones,* 417 Pa. 372, 207 A.2d 784 (1965). Petitioners' sole allegation was a mere recitation that the assignments were based on non-merit factors. Nowhere is there an elaboration of this statement. We do not rest our decision on the insufficiency of their allegations, however, since it is abundantly clear that even if their pleadings were sufficiently explicit they nevertheless failed to substantiate them before the Commission.

Petitioners strenuously argue that once the Commission found that the reassignments were not based on their inability to perform their duties satisfactorily, the Commission was required to overturn the D.E.R.'s action. The fallacy of this argument is that the issue before the Commission was not the details of Petitioners' work performance. The hearing was singularly concerned with the presence or absence of discriminatory influences on their reassignments. *Skowronski v. Governor's Council on Drug and Alcohol Abuse,* 28 Pa. Commonwealth Ct. 236, 368 A.2d 852 (1977). Discrimination cannot be inferred merely because of the existence of good performance ratings. There must be some affirmative support adduced to

sustain the allegations of discrimination. Here, Petitioners have failed to factually support their claims. *See Hunter v. Jones, supra.*

It appears that the gravamen of Petitioners' argument is, in effect, a challenge to the avowed purpose of the reassignments. Petitioners' supervisors testified that the reassignments were not an act of discrimination but were ordered to improve the operations of D.E.R. and to create greater liason among the sections of the Bureau. Petitioners suggest that this motivation was discriminatory as a matter of law. Section 705 of the Act, 71 P.S. §741.705, however, authorizes reassignments "at any time." As such, we reiterate here what we stated in *Carnell v. State Civil Service Commission,* 13 Pa. Commonwealth Ct. 380, 384 n. 3, 319 A.2d 204, 206 n. 3 (1974), that we can find no statutory limitation on the power to reassign. Clearly then, reassignments may be based on non-discriminatory motives and such motives do not, without more, violate Section 905.1.[3]

---

[3] Petitioners also raise one due process argument in support of their request for reversal. They contend that certain remarks made by Chairman McCarthy indicated such bias and prejudice toward their case that it was error to refuse their motion that the Chairman be disqualified from further participation in the hearings. We disagree.

The original date for the hearing before the Commission on Tempero's and Steranchak's appeal of their reassignments had been set for March 10, 1977. Only days before, counsel for Petitioners had requested a thirty day continuance. This request had been denied. On March 10th, however, Chairman McCarthy announced on the record that the cases be continued since a previous hearing had taken an unexpectedly lengthy amount of time. Petitioners' counsel objected to the continuance stating that "[a] continuance at this point is in the opinion of counsel further disruptive of their careers and merely prolongs the bad situation in which they are found." Chairman McCarthy responded as follows:

We have noted your position on the record and we don't share with you that their careers are disrupted. If

At this juncture we must address Petitioners' supplemental pleadings. Subsequent to the filing of their petitions for review, Tempero and Steranchak filed applications for relief under Pa. R.A.P. 123. Generally, these applications raise legal and factual issues which were not, but could have been preserved in their petitions for review; reassert previously raised issues; and allege newly discovered evidence which purportedly would invalidate several findings of fact made by the Commission.

By its own terms, an application under Pa. R.A.P. 123 is permitted only where no other form is elsewhere prescribed by the Rules of Appellate Procedure. Pa. R.A.P. 1502 provides, in pertinent part, that the petition for review, when used to appeal administrative agency actions, "shall be the *exclusive procedure* for judicial review of a determination of a governmental unit." (Emphasis added.) Clearly then, resort to an application under Pa. R.A.P. 123 is in error when it merely raises matters which either were or should have been raised in a petition for review. With regard to the alleged newly discovered evidence, we have reviewed Petitioners' applications and are of the belief that a remand for consideration of the same is not warranted here.

they are, then I think that they are temporarily and psychologically not adapted to career service in the Commonwealth in the classified service.

These are the remarks that have been characterized as prejudicial.

We find no abuse of the Chairman's discretion here. Chairman McCarthy concluded the hearing by commenting that "[w]e are not prejudging your case at all." In addition, this Court cannot determine that Petitioners suffered any harm as a result of the remarks. We hold, therefore, that these remarks, although perhaps ill-advised, were not sufficiently serious to warrant the reversal of the unanimous decision of the three-member Commission. *See Bell v. Borough Council of the Borough of Conshohocken*, 33 Pa. Commonwealth Ct. 424, 381 A.2d 1345 (1978).

In challenging the Commission's finding that their ability to obtain promotions was not injured by the reassignments, Petitioners seek to present new evidence that they have applied for several positions which would have been promotions but have been declared unqualified for them. However, both Petitioners fail to allege the nature of the positions which they sought, whether their experience or education made them serious candidates for these positions, or whether they would have been better received but for their reassignments. We are unable to determine, therefor, that this evidence would compel a different result in this case. Petitioners also seek to introduce new evidence that an unnamed personnel officer informed them that the reassignments were motivated by factors other than those found by the Commission, and that they will establish that their supervisor's testimony on this matter was "less than candid." Not only is there no averment that this unnamed personnel officer's information was not available at the time of the Commission's hearing, there is no indication of just what his or her testimony would be or even whether Petitioners intend to call this person as a witness. Given all of these uncertainties, it would be inappropriate to open the record and order a remand.

In conclusion, our review of the record convinces us that the Commission's findings of fact were supported by substantial evidence, that no error of law was committed, and that Petitioners' constitutional rights were not violated. We therefore affirm.

## Per Curiam Order

And Now, this 13th day of July, 1979, the orders of the State Civil Service Commission, dated October 27, 1977, dismissing the appeals of Anna M. Tempero and Stephen J. Steranchak from their reassignments as

Environmental Protection Specialists III, regular status, and sustaining the action of the Department of Environmental Resources in the reassignments, effective January 17, 1977, are hereby affirmed.