Joan M. Gibson, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Bureau of Child Welfare, Respondent.

Argued April 9, 1981, before Judges MENCER, CRAIG and PALLADINO, sitting as a panel of three.

*Pamelee M. McFarland, Gibbel & Kraybill,* for petitioner.

*James S. Marshall,* Assistant Attorney General, for respondent.

OPINION BY JUDGE PALLADINO, August 26, 1981:

Joan Gibson (appellant) appeals here from an adjudication and order of the State Civil Service Commission (Commission) which dismissed her appeal from a reassignment. We affirm.

Since August of 1973, appellant has been employed as a Welfare Program Specialist I at the Pennsylvania Department of Public Welfare (Department). Between May of 1976, and December of 1978, appellant was assigned to the Department's Bureau of Youth Services where she supervised the Department's information system project. While she was still assigned to the Bureau of Youth Services, appellant filed a complaint with the Department's affirmative action office alleging (1) that she had been sexually harassed by her supervisor, Robert Sobolevitch, and (2) that she was not being promoted, and was not working within the proper pay classification, because of sexual discrimination. Following an investigation, the Department's affirmative action office concluded that appellant had not been discriminated against. Shortly after the filing of her complaint, however, and prior to the issuance of the affirmative action office's report, appellant was informed that she was being reassigned to the Department's Bureau of State Supervised Programs. Appellant subsequently appealed this reassignment to the Commission pursuant to Section 951(b) of the Civil Service Act (Act)[1] alleging (1) that her reassignment was the result of sexual discrimination,

---

[1] Act of August 5, 1941, P.L. 752, as amended, 71 P.S. §741.951 (b). Section 951(b) permits appeals to the Commission by employes who are aggrieved by an alleged violation of Section 905.1 of the Act, 71 P.S. §741.905a, which provides in pertinent part:

No officer . . . of the Commonwealth shall discriminate against any person in . . . any . . . personnel action . . . because of race, national origin or other non-merit factors.

or in the alternative, (2) that she was being reassigned as a result of her filing of an affirmative action grievance. Following a hearing, the majority of the Commission concluded that appellant's reassignment was not retaliatory or motivated by sexual discrimination. The present appeal followed.

Before this Court, appellant alleges that the Commission capriciously disregarded evidence indicating that her reassignment was the result of improper sexual discrimination. We disagree.

"A civil service employe, claiming discrimination in a personnel action, has the burden of going forward with evidence to support such charges." *Tempero v. Department of Environmental Resources,* 44 Pa. Commonwealth Ct. 235, 237, 403 A.2d 226, 228 (1979). *Also see: Heppel v. State Civil Service Commission,* 17 Pa. Commonwealth Ct. 79, 330 A.2d 304 (1974). Where, as here, a civil service employe alleging discrimination has not prevailed below, our scope of review is limited to a determination as to whether or not the Commission capriciously disregarded competent evidence. *Meiler v. Department of Banking,* 58 Pa. Commonwealth Ct. 346, 427 A.2d 783 (1981).

Before the Commission, appellant presented extensive evidence in an attempt to prove (1) that she had not received the proper pay classification for the job she performed at the Bureau of Youth Services, and (2) that she had been sexually harassed by her immediate supervisor, Robert Sobolevitch. Appellant freely admitted, however, that Robert Sobolevitch had nothing to do with her reassignment, and as the majority of the Commission correctly noted, the only evidence appellant submitted indicating that her *reassignment* was improper was simply the fact that she was informed of her reassignment shortly after she filed her complaint with the affirmative ac-

tion office. The Department, for its part, presented unrefuted evidence which showed (1) that appellant's reassignment had been part of a general reorganization initiated by the former commissioner of the Office of Children and Youth, Mr. DeMuro, (2) that twenty-seven individuals, including appellant, had been reassigned in this reorganization, and (3) that 75 percent of the reassigned employes had been men. In addition, appellant admitted on cross-examination that well before the filing of her affirmative action grievance the employes of the Office of Children and Youth had been informed by Mr. DeMuro that a general reorganization was going to occur.

Based on the evidence noted above, the majority of the Commission found as a fact that appellant's reassignment had not been retaliatory or the result of sexual discrimination. Since, in our view, the Commission did not capriciously disregard any evidence in arriving at this result, we conclude that the Commission properly dismissed appellant's appeal.

Accordingly, we enter the following

ORDER

AND Now, August 26, 1981, the adjudication and order of the State Civil Service Commission, dated April 13, 1980, Appeal No. 2703, is affirmed.