Christopher C. Quarles, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Argued June 4, 1981, before Judges ROGERS, BLATT and PALLADINO, sitting as a panel of three.

*William M. Overton, Jr.*, for petitioner.

*Louis G. Cocheres*, with him *Ward T. Williams*, Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, September 14, 1981:

The appellant, Christopher C. Quarles, appeals a decision of the State Civil Service Commission (Commission) upholding an action of the Department of Transportation (DOT) removing him from his position as a provisional employe.

The appellant, who was an Equal Opportunities Development Specialist IV engaged in working with employer-contractors so as to encourage minority employment on state road contracts, was charged with and arrested for the misdemeanor offenses of misappropriating funds of an agency receiving public funds and violating the firearms laws. A printed newspaper story reported these facts and identified the appellant as an employe of the DOT, and a DOT representative attended the preliminary hearing at which the appel-

lant was held for court. He then recommended that the appellant be dismissed, and the Secretary of DOT approved this recommendation, removing the appellant as of September 22, 1978.

Because the appellant was a provisional employe, his only entitlement to a hearing before the Commission was pursuant to Section 951(b)[1] of the Civil Service Act which requires an allegation that the removal have been discriminatory or based upon non-merit factors. The Commission determined in a May 31, 1979 decision that the appellant's removal was not so based and that he had failed to meet his requisite burden of proof or to establish a prima facie case of Section 905.1[2] discrimination. It therefore dismissed his appeal.

Section 905.1 of the Civil Service Act controls in this case and provides as follows:

Prohibition of Discrimination. ·

No officer or employe of the Commonwealth shall discriminate against any person in recruitment, examination, appointment, training, promotion, retention or any other personnel action with respect to the classified service because of political or religious opinions or affiliations because of labor union affiliations or because of race, national origin or other non-merit factors.

Our scope of review of a State Civil Service Commission's adjudication where a provisional[3] or nonregular employe claims removal due to discrimination or other non-merit factors is limited to determination

---

[1] Act of August 5, 1941, P.L. 752, added by the Act of August 27, 1963, P.L. 1257, 71 P.S. §741.951b.

[2] 71 P.S. §741.905a.

[3] Section 807 of the Civil Service Act, 71 P.S. §741.807 requires that "regular" employes may not be removed except for "just cause." Probationary, provisional or non-regular employee may be removed without a showing of "just cause."

of whether or not the constitutional rights of the appellant have been violated, an error of law has been committed, or competent evidence has been capriciously disregarded. *See Laws v. Philadelphia County Board of Assistance,* 50 Pa. Commonwealth Ct. 340, 412 A.2d 1377 (1980); *Skrowronski v. Governor's Council on Drug and Alcohol Abuse,* 28 Pa. Commonwealth Ct. 236, 368 A.2d 852 (1977). And, a civil service employe alleging discrimination by reason of personnel action taken by a state agency bears the burden of going forward with evidence to support his charges that non-merit factors motivated such agency action. *Snipas v. Department of Public Welfare,* 46 Pa. Commonwealth Ct. 196, 405 A.2d 1366 (1979); *Tempero v. Department of Environmental Resources,* 44 Pa. Commonwealth Ct. 235, 403 A.2d 226 (1979).

The appellant contends that there was no showing below which would lead to a conclusion that the charges against him reflected adversely on state government, or were related to, hampered, or would tend to hamper the discharge of his duty, and that his removal was therefore due to discrimination or non-merit factors. He offers only mere conclusory allegations of discrimination, however, and DOT's conclusion, which was sustained by the Commission, that his effectiveness in his position was seriously hampered by the publicity and nature of the charges leading to his arrest, was a legitimate one. Keeping in mind that the appellant's duties entailed extensive efforts to try to bring minority contractors and employers into state highway construction projects, it is not inconceivable nor the result of strained logic imbued with discriminatory intent, to conclude that the charges lodged against him, especially the one alleging misappropriation of public funds for personal use, might suggest a breach of the public trust which would seriously reduce his job effectiveness while simulta-

neously diminishing public respect and confidence in DOT and in state government. *See Brown v. PennDot,* 34 Pa. Commonwealth Ct. 461, 383 A.2d 978 (1978).

We will therefore affirm the Commission's order upholding this appellant's removal.

### ORDER

AND Now, this 14th day of September, 1981, the order of the State Civil Service Commission in the above-captioned matter is hereby affirmed.

