Delaware County Board of Assistance, Department of Public Welfare, Petitioner *v.* Victor Balanow, Respondent.

Argued September 17, 1981, before Judges MENCER, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

Marc G. Brecher, Deputy Attorney General, with him John O. J. Shellenberger, Deputy Attorney General, and LeRoy S. Zimmerman, Attorney General, for petitioner.

No appearance for respondent.

OPINION BY JUDGE PALLADINO, December 23, 1981:

The Delaware County Board of Assistance (County) appeals an order of the State Civil Service Commission (Commission) which sustained the appeal of Victor Balanow (Respondent) from his removal as an income maintenance worker. We reverse the order of the Commission.

In order to maintain his job classification after a nine-month absence from his job, Respondent was required to complete a twelve-week standard training program. Subsequently, the County notified Respondent by letter that, pursuant to Section 807 of the Civil Service Act (Act), Act of August 5,.1941,. P.L. 752, as amended, 71 P.S. §741.807,[1] Respondent was to

---

[1] Section 807 states that "[n]o regular employe in the classified service shall be removed except for just cause."

This means that any 'personnel action' carried out by the Commonwealth is to be scrutinized in the light of such merit

be removed from his job for "[f]ailure to meet the Proficiency Standards of the Income Maintenance Worker classification series." The County letter further enumerated specific examples of Respondent's unsatisfactory performance during the standard training program.

In response to the notice of removal, Respondent timely appealed to the Commission by noting on a pre-printed form issued by the Commission, that he elected to appeal his removal under Section 951(b) of the Act, 71 P.S. §741.951(b),[2] which concerns personnel actions precipitated by discrimination or other non-merit factors. Despite Respondent's election to proceed under Section 951(b) of the Act [discrimination or non-merit reasons], at the hearing the Commission placed on the County, over the County's objection, the burden of proving just cause [merit, job performance reasons] for removal of Respondent according to Section 807 of the Act.[3]

---

*criteria*, as has the party failed to properly execute his duties, or has he done an act which hampers or frustrates the execution of same. The criteria must be job-related and in some rational and logical manner touch upon competency and ability. (Emphasis added.)

*Laws v. Philadelphia County Board of Assistance, Department of Public Welfare*, 50 Pa. Commonwealth Ct. 340, 347, 412 A.2d 1377, 1381 (1980) (quoting *Corder v. Civil Service Commission*, 2 Pa. Commonwealth Ct. 462, 467, 279 A.2d 368, 371 (1971)).

[2] Added by Section 27 of the Act of August 27, 1963, P.L. 1257.

[3] At the commencement of the hearing the Commission stated:

Item C is a Preliminary Inquiry Form Relating to Appellant's [Respondent's] Request for Hearing. . . . It appears he [Respondent] is appealing only under Section 951(b) as mainly non-merit.

However, as the appellant [Respondent] is a regular employee, it is the opinion of the Commission that the burden will still rest upon the Appointing Authority [County] to prove a just cause case.

In its adjudication the Commission stated that Respondent "was improperly removed under Section 807 of the Civil Service Act" and that the County "violated Section 905.1 of the Civil Service Act, . . . by discriminating against [Respondent]." The County promptly appealed the Commission's adjudication, asserting that the Commission improperly assigned the burden of proof to the County.

The initial inquiry before this Court is whether Respondent's election of a basis for appeal controls the conduct and subject of the proceedings before the Commission.

The significance of selecting grounds for appeal is evidenced in the procedural dichotomy between Commission hearings held pursuant to Section 951(a) of the Act, 71 P.S. §741.951(a),[4] and those conducted in accordance with Section 951(b) of the Act. Where an employe alleges lack of just cause for removal, Commission hearings are governed by Section 951(a) of the Act and the attendant Rules of the Civil Service Commission at 4 Pa. Code §105.15, which place upon the *appointing authority* [here, the County] the burden of proving a *prima facie* case of just cause.[5] However, where an employe argues that his removal resulted from discrimination or other non-merit factors, Commission hearings are controlled by Section 951(b) of the Act and the concomitant Rules of the

---

[4] Added by Section 27 of the Act of August 27, 1963, P.L. 1257.

[5] Section 105.15(a) of the Rules of the Civil Service Commission, 4 Pa. Code §105.15(a), states:

The appointing authority [here, the County] shall go forward to establish the charge or charges on which the personnel action [*i.e.*, a merit-related charge] was based. If, at the conclusion of its presentation, the appointing authority has, in the opinion of the Commission, established a *prima facie* case, the employe shall then be afforded the opportunity of presenting his case.

Civil Service Commission at 4 Pa. Code §105.16, which allocate to the *employe* [here, Respondent] the burden of establishing a *prima facie* case of discrimination.[6] Thus, when an employe clearly indicates on an appeal form the section of the Act under which he is appealing and does not allege any acts by the appointing authority outside the purview of the indicated section, the employe is entitled to a Commission hearing only under the indicated section. *Sienkiewicz v. Department of Public Welfare*, 53 Pa. Commonwealth Ct. 445, 417 A.2d 874 (1980).[7]

Because Respondent, the party with the burden of proof on the specified appeal issue of discrimination [Section 951(b)], prevailed before the Commission, this Court's scope of review consists of determining whether constitutional rights were violated, an error of law was committed, or necessary factual findings were unsupported by substantial evidence. *Laws v. Philadelphia County Board of Assistance, Department of Public Welfare*, 50 Pa. Commonwealth Ct. 340, 412 A.2d 1377 (1980); *Tempero v. Department of Environmental Resources*, 44 Pa. Commonwealth Ct. 235, 403 A.2d 226 (1979).

---

[6] Section 105.16(a) of the Rules of the Civil Service Commission, 4 Pa. Code §105.16(a), states: "The appellant [Respondent, here] shall go forward to establish the charge . . . of discrimination. If at the conclusion of his presentation, the appellant has, in the opinion of the Commission, established a *prima facie* case, the respondent [here, the County] shall then be afforded the opportunity of presenting [its] case."

[7] "Our Courts have interpreted Section 951(b) to require employees appealing a decision under that section to recite specifically the basis underlying the claim of discrimination and then to substantiate factually that claim upon hearing." *Sienkiewicz v. Department of Public Welfare*, 53 Pa. Commonwealth Ct. 445, 448, 417 A.2d 874, 876 (1980). *Tempero v. Department of Environmental Resources*, 44 Pa. Commonwealth Ct. 235, 403 A.2d 226 (1979).

Although the Commission's misallocation of the burden of proof to the County constituted an error of law, Respondent's case was not thereby prejudiced.[8] The Commission afforded Respondent a full and fair opportunity to adduce evidence concerning alleged discriminatory acts by the County.[9] Therefore, in this instance the improper assignment of the burden of proof was harmless error.

---

[8] *See Brown v. Department of Transportation*, 34 Pa. Commonwealth Ct. 461, 383 A.2d 978 (1978).

[9] During the hearing Respondent and the witness for the County testified as follows:

Respondent: I am trying to point out . . . that Mr. Stokes [County's witness] disliked me . . . and so, . . . his decision making has been, at least, biased.

. . . .

Respondent: Do you dislike me, Mr. Stokes?

Mr. Stokes: No, I don't dislike you.

Commissioner: Did you treat Mr. Balanow [Respondent] different than anyone else in the . . . training class?

Mr. Stokes: No, sir.

. . . .

Commissioner: Mr. Balanow [Respondent], do you think that Mr. Stokes or somebody . . . had some prejudice against you as an individual?

Respondent: Yes, sir. I don't believe they like me.

. . . .

Respondent: . . . I had complained to Mr. Stokes about me being threatened and things of that nature [allegedly, by a dog while doing outside case assignments and by a co-employe]. . . . Mr. Stokes did not respond correctly in that he did not do anything.

. . . .

Respondent: [Mr. Stokes] should have told the executive director [about the threats].

. . . .

Commissioner: Did you [Respondent] report it to anybody else?

. . . .

Respondent: No, I didn't.

Nevertheless, the Commission's adjudication cannot be affirmed because the Commission failed to make factual findings necessary to substantiate its legal conclusions. The Commission made the following pertinent findings of fact:

. . . .

4. [Respondent] . . . stated his appeal was under Section 951(b) of the Civil Service Act.

. . . .

8. [Respondent] was selected for a training class designed to communicate the latest rules and regulations of the appointing authority.

. . . .

10. During the training period, [Respondent] encountered resistence to the completion of certain case actions; specifically, [Respondent] encountered clients who were attempting to avoid a redetermination visit.

11. [Respondent] complained of these difficulties but there was no action taken by the supervisor. . . .

12. The decision to remove [Respondent] was based solely upon his performance in the training class.

Based upon these findings, the Commission concluded that the County "violated . . . the Civil Service Act . . . by discriminating against [Respondent]."

However, "[d]iscrimination cannot be inferred. . . . There must be some affirmative support adduced

---

Respondent: . . . .

I had certain problems with this loaded management, so I had asked for a meeting and was granted a meeting. . . . At that point no one spoke in my behalf. They did not recognize any of the difficulties I was having with clients, with lack of cooperation from supervisors. They just didn't respond. They didn't acknowledge it.

to sustain the allegations of discrimination.'' *Tempero v. Department of Environmental Resources,* 44 Pa. Commonwealth Ct. at 238, 403 A.2d at 229; *Shaefer v. West Chester State College Department of Education,* 54 Pa. Commonwealth Ct. 327, 421 A.2d 502 (1980). Here, the Commission was unable to make crucial findings concerning the County's alleged discriminatory actions toward Respondent because Respondent failed to affirmatively produce evidence of any discriminatory actions.

Accordingly, we will enter the following

## ORDER

AND Now, December 23, 1981, the order of the State Civil Service Commission, Appeal No. 3092, dated December 1, 1980, is reversed.

Judge WILLIAMS, JR. dissents.