Harold R. Wagner, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Submitted on briefs June 6, 1983, to Judges Rog-ERS, CRAIG and MACPHAIL, sitting as a panel of three.

*David S. Sobotka,* for petitioner.

*Michael J. McCaney, Jr.,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, August 3, 1983:
Harold R. Wagner (Petitioner) has filed this Petition for Review from a State Civil Service Commis-

sion (Commission) order which sustained the action of the Pennsylvania Department of Transportation (Appointing Authority) suspending Petitioner for thirty days from his position as Highway Equipment Manager III. We affirm the Commission.

Petitioner served as the County Equipment Manager for Berks County in the Appointing Authority's District 5-1. One of the duties of Petitioner's position was the maintenance and preparation of the Appointing Authority's Form 373-A, Training Attendance Report, which is used to document employee training. As a result of allegations made by the local employee's union that the training documents were being falsified, the Appointing Authority's District Engineer requested an investigation of training in Berks County by the Appointing Authority's Operations Review Group. The Appointing Authority suspended Petitioner, by letter dated July 27, 1981, pending completion of its investigation. On August 31, 1981, the Appointing Authority converted that suspension pending investigation to a suspension for thirty days for falsification of training and certification records, listing in the suspension notification letter seven instances of falsification of training reports as they concerned the training of employees to operate heavy equipment.[1]

Petitioner took an appeal from this suspension to the Commission. After a hearing, the Commission found that three of the listed instances of falsification were substantiated[2] and that those three instances supported the Appointing Authority's suspension of Petitioner. The Commission also determined that

---

[1] The letter also listed two instances in which Petitioner allegedly assigned employees to operate equipment which they were not certified to operate.

[2] The Appointing Authority did not offer any evidence on five of the nine charges.

Petitioner failed to substantiate his claim of discrimination.[3]

Petitioner's brief presents two issues for our review. Petitioner first contends that there was not substantial evidence to support the Commission's determination that there was just cause for suspension. Petitioner's second issue concerns whether the Commission erred in not finding discrimination by the Appointing Authority.

The burden of proving just cause for dismissal lies upon the Appointing Authority. *See Delaware County Board of Assistance v. Balanow*, 63 Pa. Commonwealth Ct. 388, 391, 437 A.2d 1312, 1314 (1981); 4 Pa. Code §105.15. Where the party with the burden of proof has prevailed before the Commission, this Court's scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or necessary factual findings were unsupported by substantial evidence. *Balanow*, 63 Pa. Commonwealth Ct. at 392, 437 A.2d at 1314-15. It is the duty of the Commission, and not this Court, to resolve questions of credibility and to weigh the evidence. *Laurito v. Department of Transportation*, 62 Pa. Commonwealth Ct. 406, 410, 436 A.2d 1236, 1238 (1981).

After a careful review of the entire record in this matter, we are well satisfied that substantial evidence exists to support the Commission's findings of three instances of falsification of training records. While Petitioner argues strenuously in his brief that the evidence received showing discrepancies between payroll records and training reports was not reliable,[4] he has

---

[3] Section 905.1 of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended*, added by Section 25 of the Act of August 27, 1963, P.L. 1257, 71 P.S. §741.905(a).

[4] Testimony was presented to the effect that the coding of job assignments on the payroll records was subject to error.

completely ignored the fact that testimony was received, concerning the three instances, from the affected employees, all of whom testified that the training reports prepared by Petitioner were erroneous. Furthermore, Petitioner by his own testimony admitted to filling out the reports without knowledge of the accuracy of the information. Such testimony is certainly substantial evidence supporting the findings.

Petitioner cites the case of *Lewis v. Department of Health*, 63 Pa. Commonwealth Ct. 148, 437 A.2d 811 (1981), in support of his assertion that just cause for suspension can not be found where only three of the nine charges were supported by the record. Petitioner has, however, misinterpreted the holding in *Lewis*, as is readily apparent by this Court's subsequent decision in *Lewis v. Department of Health (Lewis II)*, 70 Pa. Commonwealth Ct. 531, 453 A.2d 713 (1982). As was clearly indicated in *Lewis II*, disciplinary action certainly may be sustained upon proof of less than all of the originally designated charges given by the Appointing Authority, so long as the offenses which are sustained by the Commission would amount to just cause for the disciplinary action taken. Here, the Commission, fully cognizant of the fact that only three of the offenses were proven, still determined that these incidents amounted to good cause for suspension. We can find no error in such action.

We shall now turn to Petitioner's claim of discrimination. The burden of going forward with evidence to support a discrimination claim lies with the civil service employee. *Tempero v. Department of Environmental Resources*, 44 Pa. Commonwealth Ct. 235, 237, 403 A.2d 226, 228 (1979). Where, as here, the employee has failed to prevail before the Commission on his claim, our scope of review is limited to determining whether the Commission has capriciously disregarded competent evidence. *Meiler v. Department of Bank-*

*ing,* 58 Pa. Commonwealth Ct. 346, 427 A.2d 783 (1981). Furthermore, discrimination against a civil service employee cannot be inferred by the Commission since there must be some affirmative support presented to sustain the allegations of discrimination. *Balanow; Tempero.*

The substance of Petitioner's discrimination claim is that the local union desired retributory action against Petitioner due to Petitioner's role, several years earlier, in having union members disciplined for theft of Commonwealth property, and that the Appointing Authority chose to suspend Petitioner solely due to union complaints. However, the only testimony linking the Appointing Authority's decision to punish Petitioner to the union's supposed desire to "get" Petitioner is Petitioner's own speculation. Certainly the Commission can not be said to have capriciously disregarded such speculation where the only corroborating fact in the record was that the Appointing Authority acted to investigate charges of falsification made by employees who could be endangered if ordered to operate machinery for which they were not trained.

Petitioner did also present several witnesses from other counties who testified that they did not completely comply with the Appointing Authority's procedure for filling out training forms. However, the Commission's decision not to accept such testimony as credible evidence that Petitioner was treated differently from others cannot be considered capricious disregard, particularly when such testimony did not indicate that any instances of falsification of data regarding amount or supervision of training occurred, or that the Commission was aware of any other instances of falsification.[5]

---

[5] Petitioner's brief alludes to limitation by the Commission of the Petitioner's efforts to show what practices existed in other

84 

ORDER

The order of the State Civil Service Commission, Appeal Number 3536, dated July 29, 1982, is hereby affirmed.

<hr>

counties regarding the completion of training forms. However, Petitioner's brief has not cited to any place in the record to support such an assertion, Pa. R.A.P. 2119(c), and our own review of the record fails to disclose any such limitation.