Commonwealth of Pennsylvania, State Board of Medical Education and Licensure *v.* Samuel C. Contakos, M.D., Appellant.

Argued September 11, 1975, before President Judge BOWMAN and Judges KRAMER and MENCER, sitting as a panel of three.

*Herman M. Rodgers,* with him *Rodgers, Marks & Per-filio,* for appellant.

*Robert D. Chamberlain, Jr.,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for appellee.

OPINION BY PRESIDENT JUDGE BOWMAN, October 27, 1975:

Samuel C. Contakos, M.D., appeals from an order of the State Board of Medical Education and Licensure (Board) revoking his license to practice medicine and surgery. We affirm the Board.

The Board's action, taken after proper notice and two hearings, was based on Dr. Contakos' three criminal convictions in the Westmoreland County Court of Common Pleas. The convictions were for 1) being an accessory after the fact of burglary and larceny, 2) conspiracy to commit an unlawful act, and 3) sodomy. The sodomy conviction was reversed by the Pennsylvania Supreme Court and Dr. Contakos subsequently entered a plea of nolo contendere on retrial of that charge.

The appellant's initial argument is that the Board's order is void in that it is signed only by the Board Chairman and the Commissioner of Professional and Occupational Affairs. The appellant refers to a statutory provision that Board action taken in regard to a license revocation be by unanimous vote of the members of the Board as contained in Section 12 of the Medical Practice Act of June 3, 1911, P. L. 639, *as amended.* That Act, however, has been repealed in its entirety and replaced by The Medical Practice Act of 1973, Act of July 20, 1974, P. L. 526, 63 P. S. §421.1 et seq. and the current statute contains no provision that Board action be

unanimous. The final board order, from which this appeal was taken, is dated January 23, 1975, well after the effective date of the new Act. Legislation affecting procedure is to be applied to litigation existing at the time of its passage. *Kuca v. Lehigh Valley Coal Co.*, 268 Pa. 163, 110 A. 731 (1920); *Universal Cyclops Steel Corporation v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973). There was no need, therefore, for the Board's action to be unanimous. Moreover, even under the prior Act, an order signed by the Board Chairman should be presumed to have been issued in compliance with the appropriate procedures. In *Department of Transportation v. Mitchell's Structural Steel Painting Co.*, 18 Pa. Commonwealth Ct. 591, 336 A.2d 913 (1975) and in *Fox v. Pennsylvania Securities Commission*, 17 Pa. Commonwealth Ct. 72, 328 A.2d 573 (1974), arguments similar to this appellant's were rejected on the principle that the law must presume the regularity of actions taken by public officials until the contrary has been shown.

Secondly, the appellant asserts error in the Board's refusal to accept into evidence a number of letters written by patients and citizens of his community. These letters would purportedly reflect favorably upon the appellant's professional service. He argues that they would have been relevant in determining the appropriate degree of penalty, and, while we agree that they may have been relevant in that respect, we do not believe that the Board erred in refusing their admission, since they were clearly hearsay. The Board is subject to the Administrative Agency Law which sets the following standard for admissibility of evidence:

> "Agencies shall not be bound by technical rules of evidence at agency hearings, and all relevant evidence of reasonable probative value may be received. Reasonable examination and cross-examination shall be permitted." Section 32 of the Act of June 4, 1945, P. L. 1388, *as amended*, 71 P. S. §1710.32.

The hearsay rule, however, is not a technical rule of evidence but a fundamental rule of law which ought to be followed by administrative agencies at those points in their hearings when facts crucial to the issue are sought to be placed upon the record and an objection is made thereto. *Bleilevens v. Pennsylvania State Civil Service Commission*, 11 Pa. Commonwealth Ct. 1, 312 A.2d 109 (1973). *See Unemployment Compensation Board of Review v. Stiles*, 19 Pa. Commonwealth Ct. 38, 340 A.2d 594 (1975). The letter writers' credibility here could not of course be tested by cross-examination and so the Board did not err in excluding their statements.

We, therefore, issue the following

### ORDER

AND, NOW, this 27th day of October, 1975, the adjudication and order of the State Board of Medical Education and Licensure is hereby affirmed.