Patrick McDonough, Appellant, *v.* City of Pittsburg, Civil Service Commission, Appellee.

Argued May 6, 1976, before President Judge BOWMAN and Judges MENCER and ROGERS, sitting as a panel of three.

*Bryan Campbell,* with him *Mansmann, Beggy & Campbell,* for appellant.

*Eugene B. Strassburger, III,* Deputy City Solicitor, with him *Mead J. Mulvihill, Jr.,* City Solicitor, for appellee.

OPINION BY PRESIDENT JUDGE BOWMAN, June 10, 1976:

This is an appeal by Patrick McDonough from an order of the Court of Common Pleas of Allegheny County, dated April 18, 1975, which dismissed McDonough's appeal from a decision of the Civil Service Commission of the City of Pittsburgh. The only issue is whether the Commission had jurisdiction to order the dismissal of McDonough from his position as a police officer of the City of Pittsburgh. We conclude that the Commission had jurisdiction, and affirm.

In his attack on the jurisdiction of the Commission, McDonough concedes that he has violated the residency requirement which prompted his dismissal. McDonough relies on the argument that he can only be dismissed validly after conviction of a felony, resignation, or action by a police trial board approved by the

Mayor. His position is based upon the provisions of Section 7 of the Act of August 10, 1951, P.L. 1189, *as amended*, 53 P.S. §23537, which reads in relevant part as follows: "No employe in the competitive class in any bureau of police in any city of the second class, except any such employe who has been convicted of a felony and whose appellate remedies have been exhausted shall be removed, discharged or suspended for a period exceeding ten days *as a penalty*, or reduced in rank or pay without his written consent, except for just cause, which shall not be religious or political; nor, in any event, except by the decision of a court, either of trial or inquiry, duly determined and certified in writing to the mayor and approved in writing by the mayor. . . ." (Emphasis added.)

We cannot agree that this language grants exclusive jurisdiction to the trial board when the cause for dismissal is the failure to meet a generally applicable, non-discriminatory job qualification such as residency within the municipality. Certainly the primary purpose behind the creation of police trial boards was to insure that officers charged with disciplinary infractions or misconduct are afforded review by individuals who are intimately aware of both the environment in which a police officer must work and the high standard of conduct which is expected of police officers. We must read the statute in light of its intended purpose, and, having done so, we conclude that the qualifying words "as a penalty" are fatal to McDonough's argument. These words indicate to us that a trial board must be convened, upon demand, only if the officer involved is the object of discipline. In the instant case, McDonough's problems arise not from misconduct, but from the fact that he is no longer qualified to hold the position of police officer. This is a matter peculiarly within the jurisdiction of the Commission.

Although not directly on point, we find support for this conclusion[1] in *Gagliardi v. Ambridge Borough*, 401 Pa. 141, 163 A.2d 418 (1960), where the Supreme Court held that special civil service provisions applicable in cases involving dismissal of police officers (such as are relied upon by McDonough) were not applicable if their effect was to restrict a municipality from prescribing reasonable and non-discriminatory job *qualifications*. *Gagliardi* was also a residency case involving an officer who had been validly appointed and who had served for a number of years.

Finding no merit in McDonough's position, we affirm the order of the Court of Common Pleas.

Judge KRAMER did not participate in the decision in this case.

---

[1] *See also Boyle v. Philadelphia*, 338 Pa. 129, 12 A.2d 43 (1940), where the Supreme Court held that removal due to a mandatory retirement provision was not within the purview of civil service provisions requiring dismissal "for cause", and *Gantz v. City of Detroit*, 392 Mich. 348, 220 N.W. 2d 433 (1974), where, in a case almost indistinguishable from the instant case, the Supreme Court of Michigan relied on a distinction between disciplinary proceedings and eligibility determinations.