John Kevin Daly, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania State Horse Racing Commission and Eagle Downs Racing Association, Respondents.

Argued June 9, 1978, before Judges CRUMLISH, JR., BLATT and DiSALLE, sitting as a panel of three.

*Julius E. Fioravanti,* for petitioner.

*Larrick B. Stapleton,* with him *Samuel E. Dennis, Richard W. Kessler,* and *Meltzer & Schiffrin,* for respondents.

OPINION BY JUDGE BLATT, October 4, 1978:

This is an appeal by John Kevin Daly (Daly) from an order of the Pennsylvania State Horse Racing Commission (Commission) which affirmed his exclusion from the Keystone Race Track by the Eagle Downs Racing Association (Eagle Downs).

On August 6, 1976 Daly, a thoroughbred horse racing jockey, was notified that he would be henceforth excluded from the Keystone Race Track at race meets conducted by Eagle Downs. This action, precipitated by the fact that Daly had been indicted by a New Jersey grand jury on charges of race fixing, was taken pursuant to Section 12.1 of the Act of December 11, 1967, P.L. 707, added by Act of July 24, 1970, P.L. 634, *as amended,* 15 P.S. §2662.1 (Act), which provides, in part:

(c) An association licensed by the commission may refuse admission to and eject from the enclosure of the race track operated by the association, any person licensed by the State Horse Racing Commission pursuant to section

11, employed at his occupation at such race track, whose presence there is deemed *detrimental to the best interests of horse racing*, citing the reason or reasons for such determination. The action of the association in refusing such person admission to or ejecting him from a race meeting ground or enclosure shall have immediate effect. Such person refused admission or ejected shall receive a hearing before the State Horse Racing Commission, if requested, pursuant to rules and regulations adopted for that purpose by the State Horse Racing Commission, and a decision rendered following such hearing. (Emphasis added.)

Daly appealed to the Commission and a hearing was held on August 20, 1976. On September 22, 1976, the Commission issued an order affirming the decision of Eagle Downs and this appeal followed.

It is clear that this Court must affirm an adjudication of the Commission unless constitutional rights were violated, the adjudication was not in accord with law, procedural rules were violated or a necessary finding of fact was not supported by substantial evidence. *Smith v. Pennsylvania State Horse Racing Commission*, 18 Pa. Commonwealth Ct. 1, 333 A.2d 798 (1975).

The Commission argues that the case before us now is moot either: (1) because Daly is not now licensed to ride in the Commonwealth of Pennsylvania,[1] and even if we were to invalidate the Commission's action he would still be precluded from working at the Keystone Race Track; or (2) because it has previously held that Orders of Ejection issued by Racing Associations are limited in time to the life of the Com-

---

[1] This is not a part of the record but is noted in the briefs of both the Commission and Eagle Downs.

mission session during which they issue,[2] so that here the ejectment order expired on October 11, 1976[3] thereby eliminating the need for relief after that date. Obviously, Daly may, at some future date, be relicensed and may wish to work at Keystone. Also obviously, all Orders of Ejection by Racing Associations are necessarily in effect for only a short period of time, in this case approximately two months, and will therefore, in most cases, have expired before the appeal process is completed. The question, however, as to whether or not an ejection by a Racing Association was proper is one of important public interest, recurring nature, and capable of avoiding review and as such constitutes an exception to the general rule that a case must be dismissed when there is no present controversy. *Temple University v. Pennsylvania Department of Public Welfare*, 30 Pa. Commonwealth Ct. 595, 374 A.2d 991 (1977). We believe, therefore, that this case may not be considered moot.

There are two other major issues raised here on appeal: (1) whether or not the statute under which Daly was excluded from the race track is impermissibly vague, thereby violating his constitutional right of due process; and (2) whether or not the findings and conclusions of the Commission are supported by substantial evidence.

Daly contends that Section 12.1 of the Act, 15 P.S. §2662.1, which empowers a Racing Association to exclude from race meetings persons whose presence it considers "detrimental to the best interests of racing," is impermissibly vague in that it fails to set a stan-

---

[2] The Commission cites *In re John Lujack McDowell*, P.S.H.R.C. No. 77-098, and *In re George Roberts et al.*, P.S.H.R.C. No. 78-017, in support of this proposition.

[3] According to the brief of the Commission, the session which began on June 11, 1976 ended on October 11, 1976.

dard of prohibited conduct and therefore permits the Association to exercise an unbridled discretion.. It is clear, of course, that a party challenging the constitutionality of a statute has a heavy burden to rebut the presumption of constitutionality and that all doubts will be resolved in favor of sustaining the legislation. *Singer v. Sheppard*, 33 Pa. Commonwealth Ct. 276, 381 A.2d 1007 (1978). We do not believe that Daly has sustained this burden.

A statute is not vague if a person of ordinary intelligence is capable of determining what conduct the statute encompasses. *Pennsylvania State Horse Racing Commission v. DiSanto*, 29 Pa. Commonwealth Ct. 574, 372 A.2d 487 (1977). We believe that a person of ordinary intelligence has adequate notice that the presence of a person who has been indicted for race fixing would be "detrimental to the best interests of racing," "a sport where the greatest importance should attach to dissipating any cloud of association with the undesirable, and in which the appearance as well as the fact of complete integrity is of paramount consideration. . . ." *Martin v. Monmouth Park Jockey Club*, 145 F. Supp. 439, 441 (D.N.J. 1956), *aff'd* 242 F.2d 344 (3d Cir. 1957). The Act clearly reflects the legislature's desire to maintain public respect and confidence in the sport of horse racing, and conduct which undermines that confidence need not be criminal in nature nor proved beyond a reasonable doubt. *See Zeber Appeal*, 398 Pa. 35, 156 A.2d 821 (1959). It is sufficient that the complained-of conduct and its attending circumstances be such as to reflect negatively on the sport. We believe, therefore, that the statute is not so vague that its application violates due process rights.

Daly's contention that the statute vests the Association with impermissibly broad discretion we believe to be without merit. In *Rockwell v. Pennsylva-*

*nia State Horse Racing Commission*, 15 Pa. Commonwealth Ct. 348, 354, 327 A.2d 211, 214 (1974) we dealt with an almost identical section of the same statute,[4] which permitted the ejection of a patron. We noted there that "[a]ny action . . . which results in . . . ejection . . . is subject to the Administrative Agency Law review process as provided in the statute, so as to make certain that the right of ejection specified in the statute has been properly exercised." We believe that this review, also available in circumstances such as these here, provides a check on the Association's discretion, which check further protects the aggrieved individual's rights.

Daly's argument that the Commission's findings of fact and conclusions are not supported by substantial evidence we likewise believe to be without merit. Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. *Norwood v. Pennsylvania Horse Racing Commission*, 16 Pa. Commonwealth Ct. 219, 328 A.2d 198 (1974). The record here reveals that Daly was indicted by a New Jersey grand jury on charges that he bribed another jockey to fix a race, that Eagle Downs acting on the basis of such information concluded that his presence at the track, after being accused of a type of activity having a direct bearing on his reputation as a jockey, would raise doubts in the minds of the patrons, and as such was detrimental to the best

---

[4] Section 12.1(a) of the Act, 15 P.S. §2662.1. The statute, at that time, provided in part:

(a) . . . The State Horse Racing Commission and any association licensed by the Commission may refuse admission to and eject . . . any person whose presence there is, in the sole judgment of the State Horse Racing Commission or the association, inconsistent with the orderly or proper conduct of a race meeting or whose presence or conduct is deemed detrimental to the best interest of horse racing.

interest of racing. We believe that there is substantial evidence in the record to support the findings and conclusions of the Commission.

Concluding that Daly's other contentions are also without legal merit, we will affirm the decision of the Commission.

ORDER

AND Now, this 4th day of October, 1978, the Order of the Pennsylvania State Horse Racing Commission affirming the ejectment of John Kevin Daly from the Keystone Race Track is hereby affirmed.