In Re: Appeal of Arnold Kriss From the Ruling of the Civil Service Commission of the City of Pittsburgh. Arnold Kriss, Appellant.

Argued November 19, 1980, before Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*Sanford A. Middleman,* for appellant.

*Arthur G. Gilkes, Jr.,* Assistant City Solicitor, with him *Mead J. Mulvihill, Jr.,* City Solicitor, for appellee.

OPINION BY JUDGE BLATT, March 5, 1981:

This is an appeal by Arnold Kriss (appellant) from an order of the Court of Common Pleas of Allegheny County which affirmed the decision of the Pittsburgh Civil Service Commission (Commission) terminating his employment as a City of Pittsburgh policeman. The basis for the appellant's discharge was his ineligibility for employment under City Ordi-

nance 120 of 1969 which requires that all city employees be "residents in and inhabitants of" the city.[1]

The appellant, his wife and two children had been residents of the city for several years when he purchased a lot outside the city in O'Hara Township. After constructing a home on the O'Hara Township property, the appellant sold his city residence. Upon receiving a complaint that appellant lacked a city residence, the Commission conducted a hearing, found against him and ordered his dismissal. He argued before the Commission that he was separated from his wife at the time he sold his city residence, and that only his wife and children moved to the O'Hara Township residence whereas he moved into his cousin's home which was in the city. The lower court heard the appeal de novo and affirmed the discharge.

Our scope of review when a lower court takes additional testimony in an appeal from a civil service commission is to determine whether or not the court abused its discretion or committed an error of law. *Bell v. Borough Council, Borough of Conshohocken*, 33 Pa. Commonwealth Ct. 424, 381 A.2d 1345 (1978). The appellant argues here that the Commission did not have jurisdiction to determine his eligibility for continued employment because the jurisdiction for such a determination is vested in a tribunal of police officers pursuant to Section 7 of the Policemen's Civil Service Act (Act), Act of August 10, 1951, P.L. 1189, *as amended,* 53 P.S. §23537.

It is true that Section 7 of the Act establishes a procedure for selecting, by random lots, tribunals of three officers who have primary jurisdiction to conduct hearings and adjudicate certain charges against police officers and provides:

[1] Such residency requirements are authorized under Section 3 of the Policemen's Civil Service Act, Act of August 10, 1951, P.L. 1189, *as amended,* 53 P.S. §23532.

Such charges may be of *disability for service,* in which case the court shall be one of inquiry, whose decision may be for the honorable discharge of the employe concerned; or, of neglect or violation of law or duty, inefficiency, intemperance, disobedience of orders, or unbecoming official or personal conduct, in which cases the court shall be one of trial, and its decision shall authorize the director of public safety . . . to dismiss from the service. (Emphasis added.)

Section 7 of the Act, 53 P.S. §23537. The appellant then argues that non-residency constitutes a "disability for service" under the Act and that the Commission was, therefore, not the proper forum to determine his residency. This argument would seem persuasive, but we believe that it must fail in view of our decision in *McDonough v. City of Pittsburgh, Civil Service Commission,* 25 Pa. Commonwealth Ct. 137, 358 A.2d 763 (1976), wherein we construed another portion of the same Section 7 of the Act:

No employe in the competitive class in any bureau of police in any city of the second class, except any such employe who has been convicted of a felony and whose appellate remedies have been exhausted shall be removed, discharged or suspended for a period exceeding ten days *as a penalty,* or reduced in rank or pay without his written consent, except for just cause, which shall not be religious or political; nor, in any event, except by the decision of a court, either of trial or inquiry, duly determined and certified in writing to the mayor and approved in writing by the mayor. . . . (Emphasis added.)

We held then that the three-officer tribunal has jurisdiction over discharges, suspensions or other adverse actions only when such actions are applied "as a pen-

alty''. Moreover, we held that a discharge for "failure to meet a generally applicable, nondiscriminatory job qualification such as residency within the municipality'' is not a penalty for job-related conduct and does not, therefore, require review by "individuals who are intimately aware of both the environment in which an officer must work and the high standard of conduct which is expected of police officers.'' *McDonough, supra* at 139, 358 A.2d at 764. As in *McDonough,* we must consequently conclude that removal for non-residency is a matter peculiarly within the jurisdiction of the Commission.

The appellant also argues that the court below abused its discretion in finding that the appellant did not reside in the city. Again, we cannot agree. The lower court's conclusion was based on the following evidence: 1) utility accounts at the O'Hara Township residence were in the appellant's name, 2) he operated an electronics business out of the O'Hara Township residence, 3) his car was registered to him at the O'Hara Township residence, and 4) testimony indicated that he was frequently observed there. Based on this evidence we must conclude that the court did not abuse its discretion in finding that the appellant was not a city resident.

The appellant further contends that the lower court improperly admitted the transcript of the hearing before the Commission into evidence and that this contained hearsay as well as prejudicial statements. The record clearly shows, however, that the lower court received the transcript only for the express purposes of determining whether or not the Commission's record constituted "a full and complete record of the proceedings before the local agency'' as required by Section 754 of the Local Agency Law, 2 Pa. C. S. §754, and whether or not the Commission had denied the appellant due process, as the appellant alleged, by

combining its prosecutorial and adjudicative roles.[2] The lower court apparently concluded that the Commission's record was not full and complete, for it conducted a de novo hearing[3] as required in such instances by Section 754(a) of the Local Agency Law, 2 Pa. C. S. §754(a).

The appellant's final contention is that the Commission combined its adjudicative and prosecutorial function so as to deny him due process. He fails, however, to indicate exactly how these functions were intertwined or what actual bias resulted. At best, his argument is to the effect that, because the Commission is vested with both functions, there is a denial of due process per se. It is well settled that an administrative agency may perform both adjudicative and prosecutorial functions without violating due process as long as the functions are adequately separated. *State Dental Council and Examining Board v. Pollock,* 457 Pa. 264, 318 A.2d 910 (1974); *Bruteyn Appeal,* 32 Pa. Commonwealth Ct. 541, 380 A.2d 497 (1977). Moreover, the appellant's unsupported allegation that he was denied due process is insufficient to overcome the

---

[2] In receiving the transcript of the Commission hearings, Judge NARICK stated:

I will receive the record and limit it to that, limited only to the question of assisting the Court in making a determination, if I get to that point, whether there's been an abuse of administrative discretion. And it will be used—I will not use it as substantial evidence on the issue involving residency if I get to that point.

[3] Some of the confusion in this case is due to the fact that the court below conducted a de novo hearing prior to reviewing the record of the Commission's hearing to determine if it was full and complete. The judge below stated that such a procedure was an efficient use of the court's time in view of the fact that the parties were assembled and prepared for a de novo hearing even though the judge had not as yet reviewed the Commission record to determine whether or not a de novo hearing was required under Section 754(a) of the Local Agency Law, 2 Pa. C. S. §754(a).

presumption that public bodies have acted in accordance with law. *See Board of Medical Education and Licensure v. Contakos,* 21 Pa. Commonwealth Ct. 422, 346 A.2d 850 (1975); *Department of Transportation v. Mitchell's Steel Co.,* 18 Pa. Commonwealth Ct. 591, 336 A.2d 913 (1975).

ORDER

AND Now, this 5th day of March, 1981, the order of the Court of Common Pleas of Allegheny County in the above-captioned case is affirmed.