Sherly J. Togans, Jr., Petitioner *v.* State Civil Service Commission, Respondent.

Argued September 15, 1982, before Judges ROGERS, WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

*Sherly J. Togans, Jr.,* with him *Marian E. Krankston* and *Marian B. Cocose,* for petitioner.

*Barbara G. Raup,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, October 19, 1982:

This is the appeal of Sherly J. Togans (Petitioner) from an order of the State Civil Service Commission (Commission) which upheld his suspension and dismissal from employment.

Petitioner was employed by the Commission as a Personnel Analyst II, regular status. On July 5, 1979, Petitioner was suspended for one day without pay due

to unexplained absences. Petitioner appealed this suspension to the Commission in its adjudicative capacity alleging that he was discriminated against on the basis of his religious persuasion, philosophy, sex and race. However, on September 19, 1979, before the scheduled suspension hearing, Petitioner was removed from his employment.

Petitioner then instituted an appeal from the Commission's removal action which was later consolidated with the suspension appeal. Hearing on these two matters, however, was deferred until the conclusion of the Pennsylvania Human Relations Commission (PHRC) investigation into Petitioner's complaint, which alleged discriminatory removal from employment.[1] On January 28, 1980, the PHRC concluded that the facts adduced did not establish Petitioner's allegation of discrimination. Petitioner took no appeal from that adjudication. Thereafter, Petitioner reinstated his consolidated appeals to the Commission. A hearing before the Commission was held on April 16, 1980, and Petitioner elected to appear pro se.

The Chairman of the Commission instructed Petitioner concerning the proceedings and on the dangers of cross-examination, but expressly stated that Petitioner should use "his own judgment" in deciding whether to cross-examine witnesses.

The Commission by order dated October 15, 1980, sustained Petitioner's suspension and removal from work finding that no evidence was presented to support Petitioner's contention that the decision to remove him was based on racial, religious or sexual discrimination or other non-merit factors. The Commis-

---

[1] In those cases wherein a charge of discrimination serves as the basis for an appeal lodged before the Commission and the PHRC, no determination or hearing is undertaken by the Commission until the conclusion of the PHRC investigation.

sion found that unsatisfactory completion of assignments in a timely and professional manner, unsatisfactory attendance and adherence to work hours, as well as unsatisfactory work relationships with other employees, particularly his supervisor, were the grounds for his dismissal.

Initially, we must state that it is well established that this Court will not substitute its judgment for that of the Commission unless the adjudication was not in accordance with the law, a necessary finding of fact was unsupported by substantial evidence or constitutional rights were violated. *Laurito v. Department of Transportation,* 62 Pa. Commonwealth Ct. 406, 436 A.2d 1236 (1981). Our review has disclosed no errors of law nor have we found a lack of substantial evidence to support the Commission's findings.

We now must turn our attention to the question of whether or not Petitioner's constitutional rights were violated. The first constitutional challenge raised by[2] Petitioner is whether the Commission combined its adjudication and prosecutorial functions so as to deny him due process. Petitioner has set forth three allegations to support his charge that he was denied due process by the Commission. These allegations are that he was denied the opportunity to cross-examine witnesses, that the Commission made inappropriate comments to him during the hearing and that the Commissioners did not inform him of the possibility of a continuance to present the testimony of witnesses whose affidavits were inadmissible.

After a thorough investigation of the record we are satisfied that the hearing below was conducted in

---

[2] We are aware that this constitutional challenge was not raised below; however, this issue could not have been effectively raised below, and as such we will briefly deal with it here. *See* Pa. R.A.P. 1551(3).

compliance with the requirements of due process. Simply put, the record does not support Petitioner's allegation that an improper commingling of functions has occurred.[3]

Here, as in *Kriss Appeal,* 57 Pa. Commonwealth Ct. 326, 426 A.2d 1216 (1981) the Petitioner has failed to show how these functions were impermissibly commingled. In *Kriss* this Court stated:

> It is well settled that an administrative agency may perform both adjudicative and prosecutorial functions without violating due process as long as the functions are adequately separated. State Dental Council and Examining Board v. Pollock, 457 Pa. 264, 318 A.2d 910 (1974); Bruteyn Appeal, 32 Pa. Commonwealth Ct. 541, 380 A.2d 497 (1977). Moreover, the appellant's unsupported allegation that he was denied due process is insufficient to overcome the presumption that public bodies have acted in accordance with law.

57 Pa. Commonwealth Ct. at 331, 332, 426 A.2d at 1219. We hold that the adjudicative and prosecutorial roles of the Commission were adequately separated in this case so as not to deprive the Petitioner of his due process rights.

Concerning the allegation that Petitioner was denied the right to cross-examine witnesses, we find this

---

[3] As we understand Petitioner's contention, it is that since the Commission provides an independent review of personnel actions to classified personnel employed by other agencies, bureaus or departments of the Commonwealth, he is entitled to independent review by some unidentified independent agency by virtue of the fact that he is employed by the Commission. While the argument is not illogical, the Commission is the designated arbiter of all appeals of classified employees, including its own and while we will carefully scrutinize the proceedings before the Commission in this and all other cases, all that Petitioner is entitled to under the law is a fair and impartial hearing by the Commission.

to be totally without merit. The Chairman of the Commission cautioned and instructed Petitioner on the problems of cross-examination, but he did not prohibit the Petitioner from engaging in cross-examination of witnesses. In fact, Petitioner did engage in the cross-examination of Mr. Thomas L. Myers at the hearing. Petitioner's decision not to cross-examine the other two witnesses was his own.

The Petitioner also contends that inappropriate comments were made by the Commissioners and directed to him throughout the hearing. Our review of the record fails to reveal any such comments; moreover remarks of members of the Commission allegedly reflecting bias do not require reversal of a Commission decision when the record demonstrates that the Commission members acted fairly and impartially throughout as was the case here. *Silvia v. Department of Transportation,* 63 Pa. Commonwealth Ct. 75, 437 A.2d 535 (1981).

Petitioner alleges that the Commission should have informed him of the possibility of a continuance when the affidavits he presented were ruled inadmissible as evidence at the hearing.[4] We are unaware of any duty imposed upon the Commission to inform the Petitioner of his right to seek a continuance. Furthermore, this Court has held that an administrative agency has not violated due process by failing to continue a hear-

---

[4] Since the affiants were available as witnesses through the use of the Commission's subpoena power, rejection of the affidavits as evidence at the hearing was proper.

The liberal rules of evidence relating to administrative agencies give such agencies broad discretion in admitting or excluding evidence, in any case, so that the exclusion of the subject affidavits does not here constitute a procedural defect.

*Scasserra v. Civil Service Commission,* 4 Pa. Commonwealth Ct. 283, 287, 287 A.2d 158, 161 (1972), *cert. denied,* 401 U.S. 968 (1973).

ing when the Petitioner is not represented by counsel and has failed to request a continuance on his own behalf. *John's Vending Corp. v. Cigarette Tax Board,* 3 Pa. Commonwealth Ct. 658, 284 A.2d 834 (1971), rev'd on other grounds, 453 Pa. 488 (1973).

Order affirmed.

### ORDER

It is ordered that the order of the Pennsylvania State Civil Service Commission dated October 15, 1980, and numbered 2842, is hereby affirmed.