## Allegheny County Children and Youth Services, Petitioner *v.* Ronald J. Williams, Respondent.

Argued November 13, 1984, before Judges ROGERS, CRAIG and PALLADINO, sitting as a panel of three.

*James H. McLean,* County Solicitor, with him, *Robert L. McTiernan,* Assistant County Solicitor, for petitioner.

*Joseph S. Hornack, Abes & Begler, P.C.,* for respondent.

*Barbara G. Raup,* Chief Counsel, for Amicus Curiae, State Civil Service Commission.

OPINION BY JUDGE CRAIG, January 16, 1985:

Allegheny County Children and Youth Services (local agency) appeals an order of the State Civil Service Commission which reversed that local agency's removal of Ronald Williams from his position

as Houseparent II, Regular Status, at the McIntyre Youth Shelter. We must first determine whether the commission was bound by the findings and conclusion of the State Child Line and Abuse Registry, which Williams did not appeal, that he abused a child entrusted to his care; second, if the commission was not so bound, we must decide whether substantial evidence supports its findings and contrary conclusion.

McIntyre Youth Shelter is a non-secured facility for delinquent children. As a houseparent at the shelter, Williams was responsible for the supervision of the juvenile residents assigned to his cottage.

On July 24, 1982, one of those children, Anthony Zebola, refused to follow Williams' instruction to report for dinner. An argument ensued and Zebola tried to run away from Williams. Williams caught the youth and tried to remove his shoes to keep him from running away. The two struggled over the shoes, and Zebola sustained an injury to his mouth. The record contains conflicting evidence as to the extent of Zebola's injuries at that time, and as to the origin of other injuries Zebola exhibited later that evening when taken to the shelter infirmary and North Hills Passavant Hospital.

Zebola stated that his injuries were caused by a "grown-up" who had hit him, and later identified that grown-up as Williams. Shelter personnel reported the child's allegation of abuse to the Commonwealth Child Line and Abuse Registry, which conducted an investigation of the incident and reported that the evidence "indicated" that Zebola's injuries were caused by Williams' abuse. Youth Services removed Williams from his position by a letter dated January 3, 1983, to which they attached a copy of the Child Line report as the reason for removal.

Section 15(d) of the Child Protective Services Law,[1] 11 P.S. §2215(d), provides that any person who is the subject of a child abuse report may request the Secretary of the Department of Public Welfare to "amend, seal or expunge information . . . on the grounds that it is inaccurate. . . ." Contrary to the local agency's argument, the failure to exercise the rights granted under that section does not preclude the subject of an abuse report from appealing to the Civil Service Commission if the employer removes him from his position on the basis of that report. The appeals available to Williams under the Child Protective Services Law on one hand, and the Civil Service Act[2] on the other, are intended to redress different perceived wrongs arising out of the same incident, and can afford disparate relief. The Department of Public Welfare appeal seeks the expungement of allegedly inaccurate information pertaining to an employee, and the civil service appeal seeks reinstatement and back pay from an allegedly wrongful termination.

Section 951 of the Civil Service Act, 71 P.S. §741.951, entitles any regular employee in the classified service to a hearing to challenge his removal, suspension, demotion or furlough as being in violation of the Civil Service Act. The Act empowers the commission, in such cases, "to conduct investigations, hold public hearings, render decisions on appeals and record its findings and conclusions," section 203(2) of the Civil Service Act, 71 P.S. §741.203(2), and charges the commission with the duty of determining whether an employee was dismissed for "just cause", section 807 of the Act, 71 P.S. §741.807.

---

[1] Act of November 26, 1975, P.L. 438, *as amended*, 11 P.S. §§2201-2224.

[2] Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §§741.1-741.1005.

The Child Line investigation concluded only that child abuse was "indicated," and therefore is not binding upon the commission in its altogether different determination of whether Williams was dismissed for just cause.

In *Pennsylvania Labor Relations Board v. Neshaminy School District*, 43 Pa. Commonwealth Ct. 377, 403 A.2d 1003 (1979), this court held that an employee's failure to appeal the Secretary of Education's decision sustaining the school board's demotion of that employee precluded him from appealing the demotion in a separate action before the Pennsylvania Labor Relations Board. *Neshaminy* is distinguishable, however, because there, unlike here, both proceedings dealt with the same issue—whether the employee's demotion violated his due process rights.

Although the record contains conflicting evidence on key factual issues, the commission, not the Commonwealth Court, has the power to resolve questions of credibility and to weigh the evidence. *Wagner v. Pennsylvania Department of Transportation*, 76 Pa. Commonwealth Ct. 78, 463 A.2d 492 (1983). In accordance with our limited scope of review, we conclude that the record contains substantial evidence to support the board's finding that just cause did not support Williams' removal, and that no constitutional rights were violated, nor error of law committed. *Togans v. State Civil Service Commission*, 69 Pa. Commonwealth Ct. 431, 452 A.2d 576 (1982).

Accordingly, we affirm.

## ORDER

Now, January 16, 1985, the order of the State Civil Service Commission at No. 4381, dated August 2, 1983, is affirmed.