512 A.2d 1361

Police Officer Robert B. Lamb, Appellant *v.* City of Pittsburgh, Appellee.

Argued March 11, 1986, before President Judge CRUMLISH, JR., Judges ROGERS and COLINS, sitting as a panel of three.

*Bryan Campbell, Mansmann, Beggy & Campbell,* for appellant.

*Richard J. Joyce,* Assistant City Solicitor, with him, *D. R. Pellegrini,* City Solicitor, for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., August 4, 1986:

Robert B. Lamb appeals an Allegheny County Common Pleas Court order reversing a City of Pittsburgh Police Trial Board decision and finding that his actions violated two police procedural rules. We reverse and remand.

Lamb, a fifteen year veteran of the Pittsburgh Police Force, received notice of a three-day suspension for failure to properly deliver recovered stolen property to the desk sergeant[1] and neglect of duty.[2] Pursuant to Section

---

[1] Procedural Order 141-1 reads in pertinent part:

2.00 *Lost-Stolen-Seized-Abandoned Property*

.01 All lost, stolen, seized and abandoned property coming into the possession of any member of the Department of Police shall be promptly delivered to the district or division to which the member is assigned. The desk sergeant or other designated person shall be held accountable for the proper handling of such property.

. . . .

.03 Any member of the Department of Police coming into possession of any lost, stolen, abandoned or unclaimed property shall deliver such property to the desk sergeant or other designated person who shall complete a property record from [sic] in duplicate and have such property, together with the forms, delivered to the Police Property Room within twenty-four (24) hours after recovery.

.04 Property required as evidence pending a magistrates [sic] hearing or retained for purpose of investigation may be held for periods exceeding twenty-four (24) hours with the approval of the commanding officer of the district or division concerned. However, when such investigation or hearing is completed, the property and forms shall be promptly delivered to the Police Property Room.

[2] Procedural Order 101-4 provides as follows:

7 of the Policeman's Civil Service Statute,[3] Lamb requested that a trial board be convened. The trial board acquitted Lamb of the charges forming the basis for the suspension. However, the Mayor of Pittsburgh refused to endorse that determination, whereupon the City appealed the trial board decision to the common pleas court pursuant to the Local Agency Law.[4]

In *Gildea v. City of Pittsburgh*, 5 Pa. Commonwealth Ct. 364, 290 A.2d 878 (1972), this Court held that a police officer could not appeal a trial board decision issued under Section 7 until it had been approved by the Mayor. Where a mayor disagrees with a trial board's decision, the remedy provided in Section 7 is the prompt convening of a new trial board. *Id.* at 376, 290 A.2d at 88.

The City argues that *Gildea* does not control *its* remedy when the Mayor disapproves a trial board decision and, in the alternative, that the 1978 enactment of the Local Agency Law grants to it an independent right to appeal.

We believe that *Gildea* controls both the City's and a police officer's remedies under Section 7. In *McDonough v. City of Pittsburgh, Civil Service Commission*, 25 Pa. Commonwealth Ct. 137, 139, 358 A.2d 763, 764 (1976), we stated:

---

14.00 *Neglect of Duty*

    .01 A member or employee shall not neglect or be held in neglect of his official police duties.

    .02 A member or employee shall be considered in neglect of duty when he fails to give suitable attention to the performance of police duty or; fails to perform the duties prescribed in departmental rules, regulations, orders, procedures or other departmental directives.

[3] Act of August 10, 1951, P.L. 1189, *as amended*, 53 P.S. §23537.

[4] 2 Pa. C. S. §§551-555 and 751-754.

[T]he primary purpose behind the creation of police trial boards was to insure that officers charged with disciplinary infractions or misconduct are afforded review by individuals who are intimately aware of both the environment in which a police officer must work and the high standard of conduct which is expected of police officers.

The City would frustrate this purpose if it were permitted to litigate an officer's compliance with police regulations in common pleas court. We hold that neither the City nor a police officer may appeal a Section 7 determination until there is a trial board decision approved by the Mayor.

Mayoral approval is also required for a trial board determination to be a "final" decision which is appealable under Section 752 of the Local Agency Law.[5]

Although the Local Agency Law expanded the rights of parties to appeal local agency decisions, the act does not permit parties to prematurely raise non-final decisions. Section 751(b) of the Local Agency Law.[6]

---

[5] 2 Pa. C. S. §752 states: "Any person aggrieved by an *adjudication* of a local agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary procedure)." (Emphasis added.)

Adjudication is defined in 2 Pa. C. S. §101 as

[a]ny final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made. The term does not include any order based upon a proceeding before a court or which involves the seizure or forfeiture of property, paroles, pardons or releases from mental institutions.

[6] 2 Pa. C. S. §751(b). This section states: "The provisions of this subchapter shall apply to any adjudication which under any existing statute may be appealed to a court of record, but only to the extent not inconsistent with such statute."

The common pleas court order is reversed. This case is remanded to the common pleas court, and it is directed to enter an order dismissing the City's appeal for lack of jurisdiction.

ORDER

The Allegheny County Common Pleas Court order, No. SA 134 of 1984 dated August 7, 1984, is reversed. This case is remanded to the common pleas court, and it is directed to enter an order dismissing the City of Pittsburgh's appeal for lack of jurisdiction.

Jurisdiction relinquished.