562 A.2d 917

**Donald PANKEWICZ, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA STATE HORSE RACING COMMISSION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Nov. 4, 1988.

Decided April 20, 1989.

Publication Ordered July 13, 1989.

Richard G. Phillips, Daniel D. Radich, Richard G. Phillips Associates, Philadelphia, for petitioner.

John Hannum, Jr., Chief Counsel, Randall N. Sears, Asst. Counsel, Harrisburg, for respondent.

Before BARRY and COLINS, JJ., and KALISH, Senior Judge.

## OPINION

BARRY, Judge.

Petitioner, Donald Pankewicz, is an owner and trainer of race horses.  Respondent, the Pennsylvania State Horse

Racing Commission,[1] revoked petitioner's license to train horses based on several alleged violations of Commission regulations. Hearings were held before the Commission in the nature of an appeal from the revocation. After the hearings, the Commission issued an order suspending petitioner's license for a period of three years. The suspension was based on evidence that he had injected a horse with a substance within 24 hours before a race and on the discovery of two pieces of a broken syringe in petitioner's tack room. These actions are prohibited by the Commission's regulations at 58 Pa.Code § 163.302(a)(2) and (3).[2] The suspension was appealed to this Court.

■ Our scope of review for adjudications of the State Horse Racing Commission is limited to determining whether or not constitutional rights were violated, the adjudication was in accord with the law, procedural rules were violated or whether or not necessary findings of fact were supported by substantial evidence. *Peterson v. Pennsylvania State Horse Racing Commission*, 68 Pa.Commonwealth Ct. 353, 449 A.2d 774 (1982).

■ Petitioner first argues that respondent failed to produce substantial evidence that petitioner injected the horse

1. The term respondent will be used to refer to the enforcement division of the Commission.

2. The text of these subsections is as follows:

(2) No person or persons acting alone or in concert shall administer or cause to be administered any substance to a horse entered to race by injection, oral administration, rectal infusion, or suppository, or by inhalation within 24 hours prior to the scheduled post time for the first race, except as otherwise provided.

(3) No person other than a veterinarian shall have in his possession any equipment for hypodermic injection of any substance for hypodermic administration. No person other than a veterinarian shall have any foreign substance, within the area of the race track complex, which can be administered internally to a horse by any route, except for an existing condition and as prescribed by a veterinarian. The supply of such prescribed foreign substance, by any veterinarian, shall be limited by ethical practice consistent with the purposes of this paragraph.

Salty Bird before a race. The Commission's finding that he did so is based on the testimony of a Commission investigator who testified that he witnessed petitioner making an injection. Petitioner's argument is based on the fact that a syringe was not found when petitioner was searched immediately after the injection of Salty Bird, nor was one found in the barn where the incident took place. Also, a test did not reveal any foreign substance in Salty Bird's blood.

The Commission noted in its adjudication that there was sufficient time between the investigator's observation and his confrontation with petitioner for petitioner to dispose of the syringe. The Commission also noted that expert testimony indicated that certain substances would not be detectable or would be difficult to detect by the blood test given to Salty Bird. These factors go to the credibility of the investigator's testimony. Once that testimony is believed by the Commission, it constitutes substantial evidence. In light of this discussion, we hold that the investigator's testimony constituted substantial evidence that petitioner made an injection into Salty Bird in violation of the regulation.

■ Petitioner next argues that respondent failed to produce substantial evidence that petitioner was in possession of a syringe. Two parts of a syringe were found in petitioner's tack room on separate occasions several months apart. The Commission found that the two pieces were from the same syringe. Petitioner argues that since the pieces were not found on petitioner's person, respondent must show "constructive possession" of the syringe. Petitioner cites several criminal cases in this regard.

We note that this is not a criminal proceeding but is instead an administrative proceeding in a heavily regulated industry. The statute governing the Commission

"clearly reflects the legislature's desire to maintain public respect and confidence in the sport of horse racing, and conduct which undermines that confidence need not be criminal in nature nor proved beyond a reasonable

doubt.... It is sufficient that the complained of conduct and its attending circumstances be such as to reflect negatively on the sport."

*Daly v. Pennsylvania State Horse Racing Commission,* 38 Pa.Commonwealth Ct. 77, 391 A.2d 1134 (1978) (citation omitted).[3] The exacting requirements of criminal law clearly do not apply to this proceeding and respondent presented sufficient evidence to prove the prohibited possession in this *administrative* proceeding.

■ Petitioner also argues that the applicable regulation, 58 Pa.Code § 163.302, was not violated because the syringe parts found were not in usable condition when found. The Commission made the inference that these parts once constituted an instrument capable of injection in the possession of petitioner. We find no error in such an inference.

Petitioner next argues that his right to due process was violated because he was forced to defend against several spurious charges. Respondent brought charges against petitioner based on several alleged incidents, but the final adjudication was based on only the two above mentioned incidents. Evidence was presented concerning the other incidents, but the Commission chose to base its decision only on the "Salty Bird" and "broken needle" incidents. We will not find a due process violation simply because an adjudicatory body chooses to reject evidence presented to it.

■ Petitioner argues that a suspension of three years is an abuse of discretion. Length of suspension is a discretionary matter and petitioner has presented nothing to show an abuse of discretion, except to repeat his substantial evidence argument. We find no abuse of discretion.

The last argument made by petitioner is that respondent violated its own regulation, 58 Pa.Code § 165.189, by failing

3. Although *Daly* was decided under the Act of December 11, 1967, P.L. 707, *as amended, formerly* 15 P.S. §§ 2651–2675, repealed by the Act of December 17, 1981, P.L. 435, this language was cited approvingly in *Kulick v. Pennsylvania State Harness Racing Commission,* 115 Pa.Commonwealth Ct. 408, 540 A.2d 620 (1988), with respect to the present statute governing the Commission, the Race Horse Industry Reform Act, Act of December 17, 1981, P.L. 435, *as amended,* 4 P.S. §§ 325.-101–325.402.

to faithfully prosecute this matter. This regulation states that the commission may dismiss a matter pending before it if there has been a failure to prosecute without continuance for over four months. Petitioner's brief discusses the delay between the alleged incidents and the filing of charges, not the failure to prosecute once the charges have been filed. The regulation, therefore, does not apply.

For the foregoing reasons, we affirm the Commission's suspension of petitioner's license to train horses for a period of three years.

### ORDER

NOW, April 20, 1989, the order of the Pennsylvania State Horse Racing Commission, dated December 16, 1986, at Docket No. 85–012PN, is affirmed.

### ORDER

NOW, July 13, 1989, upon consideration of the respondent's application to have the opinion in the above-captioned matter published, said application is hereby granted. The memorandum opinion in this matter dated April 20, 1989, shall be reported.