581 A.2d 258

**Katherine DELKER, Petitioner,**

**v.**

**PENNSYLVANIA STATE HARNESS RACING COMMISSION, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Sept. 10, 1990.

Decided Oct. 15, 1990.

Howard A. Taylor, Philadelphia, for petitioner.

Randall N. Sears, Asst. Counsel, Harrisburg, for respondent.

Before PELLEGRINI and BYER, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

Katherine Delker, Petitioner, petitions for review of an order of the Pennsylvania State Harness Racing Commission (Commission), which directed that her license as a horse trainer be suspended for a period of two years.

The facts are not in dispute. On July 30, 1989, Petitioner had two horses entered in races at Pocono Downs Race Track. Petitioner attended to one of the horses, and left the other horse, Uphill, in the care of a hired man named "Butch." Uphill finished first in the twelfth race. Following the race, a urine sample was taken from the horse in accordance with the Commission's rules governing post-race

testing.[1] The urine sample tested positive for the drug Nalbuphine, which is described as being a non-narcotic pain killer. (Findings of Fact Nos. 19 & 20). A subsequent test confirmed the presence of this drug in the sample.

The presiding judge for Pocono Downs Race Track suspended Petitioner indefinitely, pending a Commission hearing. On October 27, 1989, a hearing was conducted in this matter by Commission Hearing Officer Jeannine Turgeon, at which Petitioner testified. Petitioner acknowledged she had discovered that "Butch" had left Uphill unattended for approximately three hours prior to the race on July 30, 1989.

Turgeon's proposed adjudication contains extensive findings of fact, and a thorough discussion of the applicability of various Commission rules to the matter at hand. Turgeon made a specific finding that Petitioner did not drug Uphill. (Finding of Fact No. 25). However, Turgeon concluded that Petitioner must still be held accountable for her negligence in not insuring that the horse was properly cared for prior to the race, citing 58 Pa.Code § 183.357.[2] Turgeon recommended that the Commission impose a penalty of a 30 day suspension for Petitioner's negligent conduct.

Although the Commission heard no additional testimony and made no findings of its own, apparently relying on the findings and conclusions reached by Hearing Officer Turgeon, it disregarded her recommendation as to the penalty, and instead imposed a two-year suspension against Petitioner. This petition for review followed.

■ Petitioner first attempts to argue that, under the circumstances of this case, no suspension of her trainer's

---

1. "The winning horse in every ... race ... shall be subjected to a saliva, urine or blood test for the purpose of determining thereby the presence of a drug, stimulant, sedative, depressant or medicine...." 58 Pa.Code § 183.352(a).

2. "A trainer shall be responsible for the condition of the horses trained by him.... Every trainer shall guard or cause to be guarded each horse trained by him in a manner and for a period of time prior to racing the horse so as to prevent a person from administering a drug, stimulant, sedative, depressant or other substance resulting in a positive test."

license is warranted. Petitioner notes that this is her first offense, and asserts that the language of 58 Pa.Code § 183.352(b) suggests that it is the "legislative intent" that only a monetary fine be imposed, rather than a suspension of a trainer's license, where there have been no drug violations by the trainer within the preceding 12 month period.

This assertion is without merit. The language of this Commission regulation clearly provides that harness racing officials have discretion to impose *either* a monetary fine *or* a suspension against a person having control, care or custody of a horse which has tested positive for drugs, where there has been no positive test result in the previous 12 months. Nothing in the language of this provision can be read as urging imposition of a fine rather than a suspension in this type of situation.

■ Petitioner also contends that the Commission's imposition of a two-year suspension of her trainer's license is unduly burdensome, unjust, and inappropriate under the circumstances present in this incident. Petitioner questions why the Commission, without having heard the testimony first-hand, and without taking any further evidence, chose to disregard the 30 day penalty recommended by Hearing Officer Turgeon. Petitioner reminds this Court that it was specifically found by Turgeon that she did not administer this drug to Uphill. Petitioner asserts that she has never previously had one of her horses test positive for drugs, and notes that the other horse she raced at Pocono Downs Race Track on that same date won its race and did not test positive for the presence of any drugs.

This second objection raised by Petitioner, which essentially alleges an abuse of discretion by the Commission, cannot be so readily dismissed. We have recognized that the length of suspension imposed in a situation such as this is a matter of discretion. *See Pankewicz v. State Horse Racing Commission*, 127 Pa. Commonwealth Ct. 601, 562 A.2d 917 (1989). However, we are at a loss to explain why, in this instance, the Commission chose to impose a penalty

so much greater than that recommended by its hearing officer. The order of the Commission reads as follows:

AND NOW, this 27th day of December, 1989, based upon the testimony and exhibits of record, the Appellant, Katherine Delker has not rebutted the presumption that the drug Nalbuphine was administered to her horse as a result of her negligence and, therefore, the Ruling of the Presiding Judge at Pocono Downs Racetrack is affirmed.

The Commission hereby affirms the purse redistribution and imposes a suspension of two years commencing on the 10th day of January, 1990.

The Commission makes no separate findings or conclusions, nor does it offer any explanation for its decision to make such a significant departure from the recommended penalty in this matter. This circumstance hinders us in performing our role of reviewing the Commission's determination to ascertain whether the penalty exacted against Petitioner constitutes an abuse of the discretion vested in it.

We do not, as Petitioner would have us, find that the Commission erred in imposing a suspension here. However, we believe that the Commission's imposition of a penalty so far removed from the hearing officer's recommendation, particularly in light of the specific finding that Petitioner did not drug her horse, warrants some greater explanation than the Commission has provided to enable us to determine if this penalty constitutes an abuse of its discretion.

Therefore, we remand this matter to the Commission for reconsideration, based solely on the existing record, and for a more detailed discussion of its determination. In this discussion the Commission should:

(1) Indicate which, if any, of the findings of fact and conclusions of law reached by Hearing Officer Turgeon are accepted by the Commission.

(2) Set forth any new or additional findings of fact or conclusions of law which the Commission has reached, based solely on the existing evidence of record, and

without holding additional hearings or taking additional testimony.

(3) Explain its reasoning in imposing whatever suspension period is deemed appropriate upon reconsideration.

The Commission's order, dated December 27, 1989, is vacated. This matter is remanded for further proceedings, consistent with this opinion, and based upon the existing evidence of record.

Jurisdiction is retained.

## ORDER

AND NOW, October 15, 1990, the order of the Pennsylvania State Harness Racing Commission in the above-captioned matter is hereby vacated.

This matter is hereby remanded for the Commission's reconsideration, based solely on the existing evidence of record, of the penalty to be imposed against Petitioner, Katherine Delker, and in accordance with the directives in the foregoing opinion.

The Commission is hereby directed to file this supplement to its adjudication with the Prothonotary of this Court within 30 days of the date of this order.

The Chief Clerk is directed to return the certified record immediately to the Commission, so that it may comply with the directives of this order.

Jurisdiction retained.